UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JANE DOE (A PSEUDONYM),

Plaintiff,

Civil Action No.:
1:22-CV-05405-PKC

—against—

YESHIVA UNIVERSITY, et al.,

Defendants.
---------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR LEAVE TO PROCEED IN THIS ACTION UNDER A PSEUDONYM**

Respectfully submitted,

**KEVIN T. MULHEARN, P.C.**

60 Dutch Hill Road
Suite 6B
Orangeburg, New York 10962
(845) 613-7059
kmulhearn@ktmlaw.net

*Attorneys for Plaintiff, JANE DOE*

**TABLE OF CONTENTS**


| | | PAGE: |
|---|---|---|
| **TABLE OF AUTHORITIES** | | |
| **OVERVIEW** | | |
| **ARGUMENT** | | |
| **I.** | **PURSUANT TO THE *SEALED PLAINTIFF* FACTORS, PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED IN THIS ACTION UNDER A PSEUDONYM** | 1 |
| **FACTOR ONE:** | **Whether the litigation involves matters that are highly sensitive and of a personal nature** | 4 |
| **FACTOR TWO:** | **Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically to innocent non-parties** | 4 |
| **FACTOR THREE:** | **Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity** | 5 |
| **FACTOR FOUR:** | **Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age** | 5 |
| **FACTOR FIVE:** | **Whether the suit is challenging the actions of the government or that of private parties** | 6 |
| **FACTOR SIX:** | **Whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court** | 6 |
| **FACTOR SEVEN:** | **Whether the plaintiff's identity has thus far been kept confidential** | 7 |
| **FACTOR EIGHT:** | **Whether the public interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity** | 7 |

**TABLE OF CONTENTS (Cont.)**

**PAGE:**

| | | |
|---|---|---|
| **FACTOR NINE:** | **Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities** | 8 |
| **FACTOR TEN:** | **Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff:** | 8 |
| **II.** | **PLAINTIFF IS ENTITLED TO A PROTECTIVE ORDER TO PRESERVE HER ANONYMITY** | 9 |
| **CONCLUSION** | | 11 |

**TABLE OF AUTHORITIES**

**PAGES:**

**CASES**

*Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*,
2012 U.S. Dist. LEXIS 64086 (SDNY 2012) .......... 10

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (EDNY 2006) .......... 2, 4-5, 7. 9

*Doe v. AR*, 2021 U.S. Dist. LEXIS 168507.......... 3, 9

*Doe v. Baram*, 2021 U.S. Dist. LEXIS (SDNY 2021).......... 3-4, 6-7, 9

*Doe v. Blue Cross & Blue Shield United of Wisc.*,
112 F.3d 869 (7th Cir. 1997).......... 2

*Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787 (NDNY 2016) .......... 2

*Doe v. Gooding*, 2021 U.S. Dist. LEXIS 141877 (SDNY 2021) .......... 34-36, 38

*Doe v. Good Samaritan Hospital*, 66 Misc. 3d 44 (Sup. Ct. Nassau Cty. 2019).......... 8

*Doe v. Indyke*, 2019 U.S. Dist. LEXIS 157124 (SDNY 2019).......... 2, 3, 5, 7-9

*Doe v. Nygard*, 2020 U.S. Dist. LEXIS 151186 (SDNY 2020) .......... 3-4, 6

*Fla. Abolitionist v. Backpage.com LLC*, 2017 U.S. Dist. LEXIS 75744 (M.D. Fla).......... 2

*Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264 (EDNY 2015).......... 9

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008).......... *et seq.*

*U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*,
593 Fed. Appx. 32 (2d Cir. 2014) .......... 9

*Wilczynski v. Gates Cmty. Chapel of Rochester, Inc.*,
2022 U.S. Dist. LEXIS 26113 (WDNY 2022).......... 27-28

*Wolkstein v. Morgenstern*, 275 A.D.2d 635 (1st Dept. 2000) .......... 28

**STATUTES & TREATISES**

Fed. R. Civ. Pro. 10(a).......... 2, 11

Fed. R. Civ. Pro. 26 (c)(1).......... 9, 11

N.Y. Child Victims Act .......... *passim*

Plaintiff, JANE DOE, by and through her attorneys, Kevin T. Mulhearn, P.C., hereby respectfully submits this memorandum of law in support of Plaintiff's motion, pursuant to Federal Rules of Civil Procedure 10(a) and 26(c)(1), for leave to proceed in this action under a pseudonym, "JANE DOE", pursuant to an appropriate Protective Order.

## OVERVIEW

Plaintiff, "JANE DOE", a Yeshiva University ("YU") student, alleges that on January 24, 2021, she was raped by "PERRY DOE", another YU student, in his Washington Heights apartment. (Compl. ¶¶ 122-132). Plaintiff alleges that PERRY DOE used force and violence during the commission of his rape to the extent that he left visible injuries and marks on Plaintiff's body. (Compl. ¶¶ 129-131). Plaintiff alleges that on January 25, 2021—the day after her rape—Plaintiff submitted to a rape examination by a Nurse Examiner at Columbia Presbyterian Hospital in New York City, and that said Nurse Examiner collected photographs that depicted bruises on Plaintiff's neck and inner thigh. (Compl. ¶¶ 142-145). Plaintiff brings this action against Defendant Yeshiva University for violations of Title IX and the New York City Human Rights Law in connection with Defendants' alleged cover-up of PERRY DOE's rape of Plaintiff. (Compl. ¶¶ 251-291 & 309-336 ).

## ARGUMENT

### I. PURSUANT TO THE *SEALED PLAINTIFF* FACTORS, PLAINTIFF SHOULF BE GRANTED LEAVE TO PROCEED IN THIS ACTION UNDER A PSEUDONYM

Plaintiff, JANE DOE, seeks leave to proceed in this action under a pseudonym. Although the Plaintiff seeks to prevent the public disclosure of her true identity, she has disclosed her identity to each of the Defendants. (*See* Affidavit of Jane Doe, sworn to on July 12, 2022 ("Doe Aff.") at ¶ 19).

Federal Rule of Civil Procedure 10(a) provides that "t]he title of [a] complaint must name all the parties." The Second Circuit has recognized, however, that the use of a pseudonym is appropriate in limited circumstances where the reasons for anonymity outweigh the public's right of access to judicial proceedings and any prejudice to a defendant. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

"Courts have found that the 'substantial privacy right' test is satisfied when [as here] a plaintiff is required to disclose information of the utmost intimacy[,]" in particular, details of sexual assaults. *Fla. Abolitionist v. Backpage.com LLC*, 2017 U.S. Dist. LEXIS 75744, *2 (M.D. Fla. (allowing victim of childhood sex trafficking to use pseudonym) (citations omitted). Accordingly, this Court has recognized that "*sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity*." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (EDNY 2006) (emphasis added) (Court allowed a plaintiff who alleged that a rabbi had sexually abused him when he was a child to proceed anonymously) (*citing*, *Doe v. Blue Cross & Blue Shield United of Wisc*., 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses.").

As it is well-recognized that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," *Doe No. 2*, 242 F.R.D. at 195, numerous courts in this circuit have granted plaintiffs' requests to proceed under pseudonyms, when they have alleged that they were victims of sexual abuse or rape. *See Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, *8 (NDNY 2016) (allowing plaintiff to proceed anonymously given the "highly personal and sensitive nature of . . . case" involving alleged rape, where "forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges"); *Doe v. Indyke*, 2019 U.S. Dist.

LEXIS 157124, *2 (SDNY 2019) (plaintiff alleged "an on-going pattern of sexual assault and abuse beginning when [she] was seventeen-years-old"); *Doe v. Nygard*, 2020 U.S. Dist. LEXIS 151186, *1-2 (SDNY 2020) (plaintiffs alleged that when they were fourteen and fifteen-years-old, respectively, they were statutorily raped by the girlfriend of a world-renowned fashion designer); *Doe v. Baram*, 2021 U.S. Dist. LEXIS, *1-2 (SDNY 2021) (plaintiff alleged that when she was seventeen-years-old, defendant lured her to engage in commercial sex acts (and that she was raped) in connection with an alleged international sex trafficking operation); *Doe v. Gooding*, 2021 U.S. Dist. LEXIS 141877, *2 (SDNY 2021) (Court granted plaintiff's motion to proceed pseudonymously, where she alleged that defendant—a notable actor—had raped her); *Doe v. AR*, 2021 U.S. Dist. LEXIS 168507, *3-4 (WDNY 2021) (Court permitted plaintiff, who had filed a complaint under The New York CVA, to proceed under a pseudonym).

In *Sealed Plaintiff*, the Second Circuit laid out ten non-exhaustive factors which a court must consider in determining whether a plaintiff may proceed in a litigation under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 190.[1] Although the ten *Sealed Plaintiff* factors are highly instructive, the Second Circuit emphasized that courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion. *Id.* at 191 n.4.

An analysis of the *Sealed Plaintiff* factors shows that the majority of the factors weigh heavily in favor of Plaintiff proceeding in this action under a pseudonym:

[1] The factors discussed in this Brief recite *verbatim* the factors set forth by the Second Circuit in *Sealed Plaintiff*.

**FACTOR ONE: Whether the litigation involves matters that are highly sensitive and of a personal nature:**

Jane Doe alleges that PERRY DOE raped her on January 24, 2021. (Compl. ¶¶ 122-132). ; Doe Aff. at ¶ 3). As this litigation unquestionably involves matters that are "highly sensitive" and of "a personal nature" this factor weighs heavily in favor of anonymity. *See Doe No. 2*, 2006 U.S. Dist. LEXIS 80859 at *5-6; *Nygard*, 2020 U.S. Dist. LEXIS 151186 at *7 (details of sexual assaults that occurred while plaintiffs were minors trigger "a strong right of privacy in this information"); *Baram*, 2021 U.S. Dist. LEXIS 147030 at *7 (rape and sexual assault allegations are "highly sensitive and personal in nature"); *Gooding*, 2021 U.S. Dist. LEXIS 141877 at *4.

**FACTOR TWO: Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically to innocent non-parties:**

Plaintiff alleges that she has never told her parents or siblings that she was raped by PERRY DOE, and that the disclosure of such horrific sexual abuse to her parents and siblings at this time would cause each of them to suffer substantial emotional distress, mental anguish and pain and suffering. (Doe Aff. at ¶ 9).

As Plaintiff's family members are "innocent parties," this factor weighs in favor of anonymity. *See Gooding*, 2021 U.S. Dist. LEXIS 141877 at *4 ("permitting the details of these highly personal claims to be publicly associated with [plaintiff] may [negatively] impact her family if her identity were revealed at this stage").

This factor thus weighs in favor of anonymity.

**FACTOR THREE: Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity:**

As the *Indyke* Court stated**,** "[t]he nature of the allegations make it logical to conclude at this early stage that disclosure of plaintiff's identity would cause further psychological harm to plaintiff which is the precise harm the litigation seeks, in part, to redress." *Indyke*, 2019 U.S. Dist. LEXIS 157124 at *2-3; (*see* Doe Aff. at ¶ 10, where Plaintiff attests that she will likely suffer severe emotional distress, mental pain and suffering, and anxiety, if compelled to publicly disclose her identity). Plaintiff also alleges that she will likely suffer stigmatization and professional and personal harm if she is compelled to reveal her identity, as Yeshiva University is highly revered and respected within the Orthodox Jewish community. (*See* Doe Aff. at ¶¶ 15-16).

In addition to the mental harm Plaintiff would likely suffer, compelled disclosure of her identity would also harm society-at-large by potentially deterring other sex abuse victims from reporting their sexual assaults. *See Doe No. 2*, 242 F.R.D. at 195 ("[T]he public has a strong interest in protecting the identities of sexual assault victims *so that other victims will not be deterred from reporting such crimes*.") (emphasis added). (*See* Doe Aff. at ¶ 10).

This factor weighs heavily in favor of anonymity.

**FACTOR FOUR: Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age:**

Plaintiff attests that, as a result of her sexual assault, she has developed physical and mental conditions that make her vulnerable to disclosure, particularly because she continues to attend Yeshiva University as a student. (*See* Doe Aff. at ¶ 11). Plaintiff also alleges that she has required, and may continue to require, medical and psychological treatment at considerable costs. (*See* Doe Aff. at ¶ 6).

Accordingly, this factor weighs in favor of anonymity. *See Indyke*, 2019 U.S. Dist. LEXIS 157124 at *3.

**FACTOR FIVE: Whether the suit is challenging the actions of the government or that of private parties:**

As this action exclusively involves a dispute between private parties, rather than government entities, this factor weighs against anonymity.

**FACTOR SIX: Whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court:**

If Plaintiff is permitted to proceed under a pseudonym pursuant to a protective order such as the one presented by Plaintiff to this Court (*see* Ex. 1 to Declaration of Kevin T. Mulhearn, dated July 11, 2022 ("Mulhearn Decl."), Defendants will suffer no prejudice by permitting plaintiff to proceed pseudonymously. Each of the Defendants already knows the identity of the Plaintiff. (*See* Doe Aff. at ¶ 19; *see also, Baram*, 2021 U.S. Dist. LEXIS 147030 at *7-8 ("[D]efendant] will experience little to no prejudice by allowing Doe to remain anonymous at this stage of the proceeding, as Doe has agreed to make her name and identity known to [Defendant], subject to an appropriate protective order."); *Nygard*, 2020 U.S. Dist. LEXIS 151186 at *7 (same); *Gooding*, 2021 U.S. Dist. LEXIS 141877 at *5 (Court could not discern whether defendant would suffer any prejudice from allowing plaintiff to proceed as Jane Doe, "especially because he already knows her identity.").

The protective order proposed by Plaintiff in this case prrovides Defendants with a full and fair opportunity to engage in discovery, and otherwise investigate and defend against Plaintiff's claims. (*See* Ex. 1 to Mulhearn Decl. at 2). As Plaintiff does not object to full and open disclosure for discovery purposes on the reasonable condition that Defendants do not disclose her real name

and identity to the general public. *See Indyke*, 2019 U.S. Dist. LEXIS 157124 at *4; *see also, Doe No. 2*, 242 F.R.D. at 198 (defendants failed to establish any prejudice, when they did "not identify how their ability to conduct discovery or impeach plaintiff's credibility [would be] impaired . . . by permitt[ing] [plaintiff] to proceed under a pseudonym.").

In any event, any potential prejudice to Defendant may easily be mitigated by this Court by permitting Plaintiff's real name to be included in documents to be filed with the Court under seal. *See Indyke,* 2019 U.S. Dist. LEXIS 157124 at *4. This will likely eventually need to be done to some extent in this case, not just to protect the identities of the Jane Doe Plaintiff, but to also protect the identities of scores of other sexual abuse victims at Yeshiva University.

This factor weighs strongly in favor of anonymity.

**FACTOR SEVEN: Whether the plaintiff's identity has thus far been kept confidential:**

Plaintiff attests that her true identity has thus far been kept confidential (including even from members of her immediate family, including her parents and siblings). Plaintiff likewise is proceeding in this action without specifically identifying her alleged assailant, as the Complaint refers to him as "PERRY DOE." (*See* Doe Aff. at ¶¶ 9 & 12). As such, this factor weighs in favor of anonymity.

**FACTOR EIGHT: Whether the public interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity:**

As stated above, "the public . . . has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2*, 242 F.R.D. at 195; *see also, Baram,* 2021 U.S. Dist. LEXIS 147030 at *7; *Indyke*, 2019 U.S. dist. LEXIS 157124 at *4 (In case where plaintiff alleged that she was sexually abused when she was 17, "disclosure of the identity of the plaintiff is not likely to be of a legitimate importance or benefit

to the public.”).

*In Doe v. Good Samaritan Hospital*, 66 Misc. 3d 444 (Sup. Ct. Nassau Cty. 2019), Justice Steven Jaeger granted a CVA-case plaintiff's motion to proceed in the action under a pseudonym, and stated, “[t]he court believes the only purpose public revelation of plaintiff's name could have would be to expose plaintiff to the potential harm of public disclosure and perhaps deter her from litigating the matter.” *Id.* at 450. Plaintiff shares Justice Jaeger’s concerns, an attests that the public disclosure of her true identity would potentially deter her from proceeding as a litigant in this case. (*See* Doe Aff. at ¶ 17).

This factor thus weighs heavily in favor of anonymity.

**FACTOR NINE: Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants’ identities:**

Here, the public does not have a strong interest in knowing the Plaintiff’s identity because, prior to Defendant’s filing of an answer, there is an atypically weak interest in the identity of the Plaintiffs in this matter because of the purely legal questions at issue. Even after this Court resolves any threshold issues raised by Defendants in a motion to dismiss, the public’s interest in knowing the specific identity of Plaintiff will remain extremely weak.

As such, this factor weighs slightly in favor of anonymity.

**FACTOR TEN: Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff:**

The disclosure of Plaintiff's identity “would exacerbate any preexisting harm” to Plaintiff. *See Indyke*, 2019 U.S. Dist. LEXIS 157124 at *5. As such, there is no alternative mechanism for protecting the Plaintiff’s confidentiality. *See id.* This is especially true here because the

Complaint speaks to serious and highly sensitive sexual abuse.

This factor, too, weighs in favor of anonymity.

Especially at this early stage of the litigation, the *Sealed Plaintiff* factors weigh overwhelmingly in favor of granting the Plaintiff's request to proceed under a pseudonym: "JANE DOE." *See AR*, 2021 U.S. Dist. LEXIS 168507 at *4; *Baram*, 2021 U.S. Dist. LEXIS 147030 at *7-8. The public's right to know of Plaintiff's true identity, indeed, is substantially outweighed by Plaintiff's legitimate need for anonymity. *See Indyke*, 2019 U.S. Dist. LEXIS 157124 at *5; *Doe No. 2*, 242 F.R.D. at 195.

For these reasons, this Court should grant Plaintiff's motion for Plaintiff to proceed in this action under such a pseudonym, "JANE DOE" subject to an appropriate protective order.

## II. PLAINTIFF IS ENTITLED TO A PROTECTIVE ORDER TO PRESERVE HER ANONYMITY

Federal Rule of Civil Procedure 26(c)(1) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." "This rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 Fed. Appx. 32, 36 (2d Cir. 2014) (citation and internal quotation marks omitted).

For the same reasons that Plaintiff has demonstrated that she is entitled to proceed in this action under a pseudonym, Plaintiff have established that "good cause" exists to support a protective order. *See Baram*, 2021 U.S. Dist. LEXIS 147030 at *8 (*citing*, *Plaintiffs # 1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 278 (EDNY 2015)).

Plaintiff's proposed Protective Order (Ex. B to Mulhearn Decl.) provides, *inter alia*, that Plaintiff, JANE DOE, shall be entitled to proceed in this action under that pseudonym, that the

parties shall not include the Plaintiff's real name or other identifying information in any documents filed with the Court, and that the rights of Defendants to conduct full discovery and otherwise investigate Plaintiff's claims shall not be impaired in any way. (*See* Ex. 1 to Mulhearn Decl. at 2). The proposed Protective Order is thus appropriate in that it keeps the identity of the Plaintiff confidential in this proceeding, while also providing Defendants with the unfettered right to defend themselves from Plaintiff's claims. The proposed Protective Order thus cannot fairly be described as "overly broad, burdensome, or oppressive." *See Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, 2012 U.S. Dist. LEXIS 64086, *13-14 (SDNY 2012). It constitutes, rather, a fair and reasonable methodology for all parties to proceed in this litigation.

Plaintiff respectfully requests that this Court endorse and issue Plaintiff's proposed Protective Order, which will permit her to proceed in this action under a pseudonym, "JANE DOE".

**CONCLUSION**

Based on the aforesaid, Plaintiff respectfully requests that this Honorable Court issue an Order: (1) granting Plaintiff's motion, pursuant to Federal Rules of Civil Procedure 10(a) and 26(c)(1), authorizing Plaintiff to proceed in this action under a pseudonym ("JANE DOE"), pursuant to an appropriate protective order, and (2) granting Plaintiff any other, different, or further relief to which this Court may seem just, proper, or necessary.

Dated: July 12, 2022
Orangeburg, New York

Respectfully submitted,

**KEVIN T. MULHEARN, P.C.**

*Kevin T. Mulhearn /S*

______________________

By: Kevin T. Mulhearn
60 Dutch Hill Road, Suite 6B
Orangeburg, New York 10962
(845) 613-7059
kmulhearn@ktmlaw.net

*Attorneys for Plaintiff, JANE DOE*