UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                   :

JANE DOE (A PSEUDONYM),                 :
WHOSE REAL NAME IS REDACTED,      :
                                                   :

                     Plaintiff,        :
                                                   :

          -against-        :   No. 1:22-cv-05405-PKC-KHP
                                                   :

YESHIVA UNIVERSITY, ANDREW "AVI" LAUER,  :
ESQ., CHAIM NISSEL, SEYFARTH SHAW, LLP,    :
DOV KESSELMAN, ESQ., and EMILY MILLER, ESQ.,  :
                                                   :

                    Defendants.     :
                                                   :
---------------------------------------------------------------------x

 

**THE SEYFARTH DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO PROCEED UNDER A PSEUDONYM</u>**

**(Unredacted, and Publicly Filed Pursuant to Court Order)**

 

Howard I. Elman
David L. Barres
ELMAN FREIBERG PLLC
450 Seventh Avenue, 33rd Floor
New York, NY 10123
(646) 780-8100
helman@ef-law.com
dbarres@ef-law.com

*Attorneys for Defendants
Seyfarth Shaw, LLP, Dov Kesselman, Esq.,
and Emily Miller, Esq.*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ..................................................................................................................... 5

I.     PLAINTIFF'S ALLEGATION OF RAPE IS INSUFFICIENT TO JUSTIFY
        HER PROCEEDING ANONYMOUSLY, ESPECIALLY IN LIGHT OF
        HER REPEATED PUBLICIZING OF THE INCIDENT .................................... 6

        A.     An Allegation of Rape or Sexual Assault, Absent Other Aggravating
                Circumstances, Is Insufficient Grounds to Proceed Anonymously. ........................ 6

        B.     Plaintiff's Request for Anonymity Is Undermined by Her and Other
                People's Publicizing of Her Story ............................................................................ 8

II.    PLAINTIFF HAS MADE AN INSUFFICIENT SHOWING OF HARM TO
        JUSTIFY PROCEEDING ANONYMOUSLY .................................................. 11

III.   ALLOWING PLAINTIFF TO PROCEED ANONYMOUSLY WOULD BE
        UNFAIRLY PREJUDICIAL TO THE SEYFARTH DEFENDANTS ............................. 15

IV.   THE PUBLIC INTEREST AND THE INTERESTS OF JUSTICE WOULD BE
        BEST SERVED BY REQUIRING PLAINTIFF TO PROCEED PUBLICLY ................. 16

CONCLUSION ................................................................................................................ 18

SCHEDULE A – SUMMARY TABLE OF *SEALED PLAINTIFF* FACTORS ......................... 20

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Doe v. AR*,
No. 21-CV-6353-FPG, 2021 WL 4060413 (W.D.N.Y. Sept. 7, 2021).........................................11

*Doe v. Baram*,
20 Civ. 9522 (ER), 2021 WL 3423595 (S.D.N.Y. Aug. 5, 2022)................................................11

*Doe v. Blue Cross & Blue Shield United of Wi.*,
112 F.3d 869 (7th Cir. 1997)......................................................................................................12

*Doe v. City of N.Y.*,
201 F.R.D. 100 (S.D.N.Y. 2001)...........................................................................................13, 16

*Doe v. Colgate U.*,
5:15-cv-1069 (LEK/DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .............................9

*Doe v. Freydin*,
21 Civ. 8371 (NRB), 2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021) ............................5, 14, 15

*Doe v. Gooding*,
20-cv-06569 (PAC), 2021 WL 5991819 (S.D.N.Y. July 29, 2021).............................................12

*Doe v. Good Samaritan Hospital*,
66 Misc. 3d 444 (Sup. Ct. Nassau Cty. Dec. 3, 2019)................................................................11

*Doe v. Indyke*,
19-cv-7771 (PKC), 2019 U.S. Dist. LEXIS 157124 (S.D.N.Y. Sept. 12, 2019).......................11

*Doe v. Juan Gonzalez Agency Corp.*,
21-CV-00610 (PMH), 2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022) ...........................7, 14, 15

*Doe v. Leonelli*,
No. 22-cv-3732 (CM), 2022 WL 2003635 (S.D.N.Y. June 6, 2022) ....................................15

*Doe v. Nygard*,
20 Civ. 6501 (ER), 2020 WL 4890427 (S.D.N.Y. Aug. 20, 2020)..............................................11

*Doe v. Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) ......................................................................................16, 17

*Doe v. Skyline Automobiles, Inc.*,
372 F. Supp. 3d 401 (S.D.N.Y. 2019).......................................................... 15-16, 17, 18

*Doe v. Townes*,
19-cv-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)................11, 17, 18

*Doe v. Weber State U.*,
    No. 1:20-cv-00054-TC-DAO, 2021 WL 5042849 (D. Utah Oct. 29, 2021) ............................7

*Doe v. Weinstein*,
    484 F. Supp. 3d 90 (S.D.N.Y. 2020)............................................................................11, 13, 17

*Doe 1 v. Branca USA, Inc.*,
    22-cv-3806 (LJL), 2022 WL 2713543 (S.D.N.Y. July 13, 2022)....................6-7, 9-10, 11, 14

*Doe No. 2 v. Kolko*,
    242 F.R.D. 193 (E.D.N.Y. 2006) ............................................................................11, 12

*Florida Abolitionist v. Backpage.com LLC*,
    No. 6:17-cv-218-Orl-28TBS, 2017 U.S. Dist. LEXIS 75744 (M.D. Fla. May 18, 2017)............11

*Plaintiffs #1-21 v. County of Suffolk*,
    138 F. Supp. 3d 264 (E.D.N.Y. 2015) ............................................................................12

*Rapp v. Fowler*,
    537 F. Supp. 3d 521 (S.D.N.Y. 2021)............................................................7, 10, 12, 14, 16, 18

*Sealed Plaintiff v. Sealed Defendant*,
    527 F.3d 185 (2d Cir. 2008)............................................................................ *passim*

## Statutes and Rules

Fed. R. Civ. P. 10(a) ............................................................................5

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Jane Doe ("Doe") wants to prosecute this lawsuit anonymously while she continues to publicly attack defendants Seyfarth Shaw, LLP ("Seyfarth"), Dov Kesselman, Esq., and Emily Miller, Esq. (collectively, the "Seyfarth Defendants"), and effectively accuses them of being corrupt lawyers.  But Doe cannot come close to establishing her entitlement to such extraordinary and disfavored relief.

Doe alleges that she was raped by a male student during her senior year at Yeshiva University ("Yeshiva").  She was in her twenties both when the alleged crime occurred and when she filed this suit.  She has since finished her senior year, graduated with her class, and proceeded to get a master's degree at Yeshiva, and did all of these things while her accused rapist was attending the university.  From all appearances, she has finished her education without delay and has pursued her career in her chosen field.  Her age and her subsequent successful education at Yeshiva are factors that militate against anonymity, and they reveal that her claims of injury, should she not be permitted to proceed anonymously, are exaggerated.

While Doe claims that she would suffer psychological injury without anonymity, she utterly failed to submit any evidence beyond her own speculation that she would, even after being permitted to supplement her motion with a psychiatrist's affidavit.  Nor has she offered any evidence at all, again, beyond her own rank speculation, that any person would retaliate against her or her family without anonymity.  As Doe admits in her Amended Complaint, numerous students, officers, and employees of Yeshiva already know that she claimed to be raped by a member of the basketball team, and also know the accused's identity.  And Doe has told her story several times to the press, in which she names and attacks the Seyfarth Defendants while hiding behind anonymity and concealing her own identity.

As further explained below, courts consider ten factors on a motion to proceed anonymously. Those factors tilt heavily *against* allowing Doe to proceed anonymously because, notwithstanding that this case concerns an alleged rape, she was an adult at the time of the incident, she cannot prove that she or her family will suffer retaliation from disclosure, she has submitted no medical evidence in support of her motion, she is challenging only private rather than governmental actions, her identity as an alleged rape victim has been disclosed by her and others to numerous people, there are less drastic alternatives than anonymity for dealing with sensitive matters in this case, and the Seyfarth Defendants (particularly the individual defendants) will be unfairly prejudiced by being personally and professionally attacked in a public forum by an anonymous plaintiff.

Under these circumstances, it would be unjust to allow Doe to hide behind the cloak of anonymity while hurling grave charges against a national law firm, and impugning the personal and professional integrity of two of its attorneys in the process.

## STATEMENT OF FACTS

Doe was a student at Yeshiva. She claims that, on January 24, 2021, she was forcibly raped by a male student referred to anonymously as "Perry Doe" ("Perry"), who is identified in the Amended Complaint ("AC," Dkt. 16) as a member of Yeshiva's basketball team on a foreign student visa. (AC ¶¶ 15, 66, 68, 83.) Doe was 22 years old and in her last semester of college when the alleged rape occurred.

Immediately after the incident, she told "several of her roommates" and a close male friend about it. (*Id.* ¶¶ 91-92.) By the next day, she told another male friend about the incident. (Declaration of Emily J. Miller dated October 17, 2022 in Support of Motion to Dismiss ("Miller Decl."), Dkt. 39, ¶ 10.) The night after the incident, Doe went to the emergency room at

Columbia Presbyterian Hospital, where she was examined by a nurse examiner and presumably other medical staff.  (AC ¶¶ 97-98.)

In February 2021, Doe reported the alleged rape to Yeshiva University and filed a Title IX complaint, which resulted in the university's investigation of her allegations pursuant to its Non-Discrimination & Anti-Harassment Policy & Complaint Procedures (the "Policy").  (AC ¶¶ 105-06, 111, 116 & Ex. B.)  Around the time of the investigation, Doe informed her professors of the incident and "settled her academic affairs."  (*Id.* ¶ 108.)  "Plaintiff's allegations against PERRY DOE[] were well known to various high-ranking administrators, Board of Director members, officials, and employees of YU."  (*Id.* ¶ 211.)  At least one other member of Yeshiva's basketball team, who was a former friend of Doe's, learned that she had accused Perry of raping her and publicly insulted her about it.  (*Id.* ¶ 210.)

Yeshiva engaged Seyfarth to conduct an independent investigation of Doe's rape charge.  (*Id.* ¶ 118.)  Defendants Dov Kesselman (a partner of the firm) and Emily Miller (an associate of the firm) conducted the investigation in March-May 2021.  On May 25, 2021, they issued their finding that the evidence was insufficient to establish a rape or sexual assault in violation of the Policy based on a preponderance-of-the-evidence standard.  (Miller Decl., Dkt. 39, ¶¶ 8, 11; AC ¶ 191 & Ex. A.)

Doe proceeded to publicize her story about the alleged rape.  On August 25, 2021, The Commentator (the student newspaper of Yeshiva) anonymously published an article written by her entitled "I Thought Rape Culture Didn't Exist at YU — Until I Was Raped."  (Declaration of David L. Barres dated November 17, 2022 ("Barres Decl.") ¶ 2 & Ex. 1.)  On January 5 and February 23, 2022, Doe gave podcast interviews about the alleged rape to Jeff Lax LIVE!, a Jewish news podcast.  (*Id.* ¶ 3.)  During that interview, she stated, "All my friends, thank God,

3

have been amazing support." (*Id.*)  She therefore revealed that she had told some or all of her friends about the alleged rape.

On June 28, 2022, when Doe was 23 years old, she filed this action against defendants Yeshiva, Andrew Lauer, Chaim Nissel (collectively, the "Yeshiva Defendants"), and the Seyfarth Defendants.  [Dkt. 3.]  On July 12, 2022, Doe filed her Amended Complaint.  She accuses the Seyfarth Defendants of violating the New York State Human Rights Law and New York City Human Rights Law by aiding and abetting gender discrimination committed by Yeshiva, and by conducting a sham investigation designed to reach a pre-ordained verdict, for the alleged purpose of getting more business from Yeshiva by helping it to cover up rapes of its students.  (AC ¶¶ 41, 131-42, 298-313, 369-82.)  She also accuses the Seyfarth Defendants of intentional infliction of emotional distress.  (*Id.* ¶¶ 325-32.)

Doe's counsel, Kevin T. Mulhearn, has posted a copy of the Complaint on his firm's website, along with descriptive statements about the case.  (Barres Decl. ¶ 6 & Ex. 4.)  Around the time that he filed the Complaint, Mr. Mulhearn gave an interview to The Forward, a Jewish news publication.  The resulting article, "Student sues YU over alleged rape by basketball player," was published on June 27, 2022 and identifies defendants Seyfarth and Kesselman.  (*Id.* ¶ 4 & Ex. 2.)  Mr. Mulhearn was also interviewed by the New York Law Journal about the case. The resulting article, published June 30, 2022, identifies all of the Seyfarth Defendants, and it notes that the alleged rapist is a member of the basketball team on an undergraduate foreign student visa.  (Barres Decl. ¶ 5 & Ex. 3.)

On July 12, 2022, Doe filed the instant motion to proceed anonymously.  The Court provisionally granted it on July 13, 2022 [Dkt. 18], before the motion was opposed.  From late July through mid-September 2022, counsel for the Seyfarth Defendants, Yeshiva Defendants,

and Doe tried to resolve the issue of anonymity consensually, but were unable to do so.  When

that process concluded, Mr. Mulhearn advised counsel for the Seyfarth Defendants that he

needed additional time to supplement Doe's motion with a psychiatrist's affidavit.  (Barres Decl.

¶ 9.)  In a letter to the Court dated October 4, 2022, counsel for the Yeshiva Defendants proposed

a briefing schedule for this motion that had been agreed upon by all parties, and that the Court

approved.  [Dkt. 35-36.]  Doe failed to supplement her motion.  (Barres Decl. ¶ 9.)  For the

reasons set forth below, the Court should deny Doe's motion entirely.

## ARGUMENT

"The title of the complaint must name all the parties . . . ."  Fed. R. Civ. P. 10(a).  This

requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and

therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 527 F.3d 185, 188-

89 (2d Cir. 2008).  A plaintiff's claimed interest in anonymity, therefore, must be balanced

against the public interest in disclosure and prejudice to the defendants.  *Id.* at 189.  Permission

to proceed anonymously is "exceptional relief."  *Doe v. Freydin*, 21 Civ. 8371 (NRB), 2021 WL

4991731, at *2 (S.D.N.Y. Oct. 27, 2021).

In *Sealed Plaintiff*, the court provided a non-exhaustive list of ten factors to be considered

on a motion for permission to proceed anonymously.  They are (1) whether the litigation

involves matters that are highly sensitive and of a personal nature; (2) whether identification

poses a risk of retaliatory physical or mental harm to the plaintiff or, even more critically, to

innocent non-parties; (3) whether identification presents other harms and their likely severity;

(4) whether plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in

light of his or her age; (5) whether the suit is challenging the actions of the government or of

private parties; (6) whether defendant is prejudiced by allowing plaintiff to proceed

anonymously; (7) whether plaintiff's identity has thus far been kept confidential; (8) whether the

public's interest in the litigation is furthered by requiring disclosure of plaintiff's identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an

atypically weak public interest in knowing the parties' identities; and (10) whether there are any

alternative mechanisms for protecting plaintiff's confidentiality.  537 F.3d at 190.  The district

court is not required to use any particular formulation as long as it is clear that it balanced the

interests at stake.  *Id.* at 191 n.4.

As explained below, all of the ten factors either weigh against anonymity or, at minimum,

are neutral.  None weigh in favor of anonymity.

## I.

## PLAINTIFF'S ALLEGATION OF RAPE IS INSUFFICIENT TO JUSTIFY HER PROCEEDING ANONYMOUSLY, ESPECIALLY IN LIGHT OF HER REPEATED PUBLICIZING OF THE INCIDENT

Doe argues that because this case involves an alleged rape, it "unquestionably" involves

matters of a highly sensitive and personal nature, and therefore warrants anonymity.  (Plaintiff's

Memorandum of Law ("Pl. Mem."), Dkt. 12, p. 4.)  Her argument misstates the law of this

Circuit and the relevant facts.

**A.    An Allegation of Rape or Sexual Assault, Absent Other Aggravating Circumstances, Is Insufficient Grounds to Proceed Anonymously.**

In cases involving the rape or sexual assault of adults, as in all civil cases, there is a

presumption *against* allowing plaintiff to proceed anonymously.  *Doe 1 v. Branca USA, Inc.*, 22-

cv-3806 (LJL), 2022 WL 2713543, at *4 (S.D.N.Y. July 13, 2022).  As Judge Liman recently

explained:

> A claim by an adult plaintiff to have been the victim of sexual abuse and to have
> suffered physical or psychological damage as a result, accompanied by sufficient
> facts to support that claim, is not enough to entitle a plaintiff to proceed
> anonymously.  Were it otherwise, virtually all claims of adult sexual assaults
> would *ipso facto* proceed anonymously.  It is a rare case where a plaintiff who has
> been sexually assaulted or raped has not suffered some physical or psychological

6

injury.  The rule is the same for a plaintiff as for a defendant who is accused and who might want to keep his or her identity confidential.  Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser.  Thus, something more is required to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name.

*Id.* at *2.  Thus, in *Branca*, Judge Liman denied the motion to proceed anonymously in a case involving an adult woman who claimed she was drugged and raped by her employer's CEO, and that coworkers sexually harassed and retaliated against her.  The plaintiff's status as an adult (as well as her discussing the incident without guaranties of confidentiality, and her not proving the increased injury that would result from disclosure) drove the decision.  *Id.* at *4.

It thus has become a well-established rule that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym."  *Id.* at *2 (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021)); *accord Doe v. Juan Gonzalez Agency Corp.*, 21-CV-00610 (PMH), 2022 WL 3100669, at *2 (S.D.N.Y. Aug. 4, 2022) (first *Sealed Plaintiff* factor weighed against anonymity where plaintiff "has not identified circumstances beyond allegations of rape and sexual assault that entitle her to proceed pseudonymously"); *Doe v. Weber State U.*, No. 1:20-cv-00054-TC-DAO, 2021 WL 5042849, at *4 (D. Utah Oct. 29, 2021) (noting dearth of cases in which an adult plaintiff alleging sexual abuse as an adult was allowed to proceed anonymously, and denying motion of college student who challenged university's investigation of alleged sexual assault by professor).

While, to be sure, an alleged rape is a highly sensitive and personal matter, such an allegation, without more, is insufficient under Second Circuit law to weigh in favor of proceeding anonymously.  Plaintiff Doe was 22 years old and in her last semester of college when the alleged rape occurred on January 24, 2021.  She was 23 years old when she filed her

Complaint on June 28, 2021.  Therefore, absent proof of additional circumstances of sensitivity, the first *Sealed Plaintiff* factor—matter of a highly sensitive and personal nature—does not weigh in her favor, and is merely neutral.  As further explained below, the evidence of such additional circumstances is sorely lacking.

**B.     Plaintiff's Request for Anonymity Is Undermined
by Her and Other People's Publicizing of Her Story.**

Doe has told numerous people about her alleged rape.  Some of those people—such as the Yeshiva officials responsible for investigating her complaint, and the medical staff at the hospital—are required to keep the matter confidential.  But she also told many people without any guarantee of confidentiality.  They include "several of her roommates" and two close male friends right after the incident.  (AC ¶¶ 91-92; Miller Decl., Dkt. 39, ¶ 10.)  She also spoke about her allegations to "All my friends, thank God, [who] have been amazing support."  (Barres Decl. ¶ 3.)  She also told her professors of the incident in order to "settle[] her academic affairs."  (AC ¶ 108.)  As described by her, "Plaintiff's allegations against PERRY DOE[] were well known to various . . . officials, and employees of YU."  (*Id.* ¶ 211.)  She has not alleged, and cannot prove, that they were all informed under a guarantee of confidentiality.  The same is true for the students that were present when her former friend publicly insulted her "in a social situation."  (*Id.* ¶ 210.)  Thus, through a combination of her and other people publicizing her story, her identity is likely well-known within the Yeshiva community and to others outside that community.

Doe also has told her story repeatedly to the press.  In August 2021, she published an article in the Yeshiva student newspaper describing how she was raped by a member of the basketball team, and how the university failed to properly investigate the incident and provide protective measures.  (Barres Decl., Ex. 1.)  On January 5 and February 23, 2022, she gave podcast interviews in which she told her (sharply disputed) view of the facts.  (*Id.* ¶ 3.)  It was

during the January 5, 2022 broadcast that she stated that "All" of her friends have provided "amazing support."  (*Id.*)  Obviously, then, she disclosed her identity as an alleged rape victim to an untold number of friends.  There is no reason to believe that any of them were obligated to keep her identity confidential, or did so.

In addition, her counsel has published her original Complaint and commentary about the case on his website.  (*Id.* ¶ 6 & Ex. 4.)  He also has been interviewed by The Forward and the New York Law Journal about the case in late June 2022.  (*Id.*, & Exs. 2-3.)  *See Doe v. Colgate U.*, 5:15-cv-1069 (LEK/DEP), 2016 WL 1448829, at *4 (N.D.N.Y. Apr. 12, 2016) (plaintiff's publication of even a single news story weighed against allowing him to proceed anonymously, even though it did not disclose his identity).[1]

Thus, Doe has admitted that her identity as a rape victim is known by many members of the Yeshiva community and other people.  The disclosure of her identity, and her alleged trauma, did not prevent her from finishing her senior year and then returning to Yeshiva to get her master's degree.  (Barres Decl. ¶ 7.)  Although the podcast and articles do not publicly reveal her name, it is clear by now that Doe told many people about the incident without assurance of confidentiality and therefore has taken the risk of disclosure.

This factor weighs heavily against her being allowed to proceed anonymously.  Under similar circumstances, courts consistently deny motions to proceed anonymously.  *See, e.g., Branca*, 2022 WL 2713543, at *4 (plaintiff informed supervisors and company officers, any of

---

[1] While the court in *Colgate*, which is cited by Doe, held that publication of one news story weighed against anonymity, it nonetheless granted the motion of a male student, accused of sexually assaulting three students, on other distinguishable grounds.  Specifically, the court recognized the reputational harm that would be suffered by a college student "marked for life as a sexual predator."  2016 WL 1448829, at *3-4.  The present case is markedly different because, among other reasons discussed at length above, Doe does not face being branded a criminal, and because she went to much greater lengths than the *Colgate* plaintiff to seek publicity.

whom could publicly identify her); *Doe v. Leonelli*, No. 22-cv-3732 (CM), 2022 WL 2003635, at *1 (S.D.N.Y. June 6, 2022) (women reported sexual assaults by priest to Catholic Church authorities without any guarantee of confidentiality, which meant there was no guarantee that proceeding pseudonymously would protect the women's identities); *Rapp*, 537 F. Supp. 3d at 529 (where plaintiff accused Kevin Spacey of engaging in a sexual relationship with him beginning when he was fourteen, and plaintiff informed "an unknown number of people" of that relationship without assurances of confidentiality, he took the risk that any of those people would reveal his identity).

Moreover, Doe's Amended Complaint reveals that the alleged rapist is a member of the Yeshiva basketball team on an F-1 Student Visa.  (AC ¶¶ 66, 68.)  A college basketball team only has 12-15 players.  Doe, therefore, has effectively attempted to reveal the identity of the alleged rapist, a student whose guilt was never established.  The irony and injustice of this situation is captured in the New York Law Journal article about the case, which states: "Mulhearn's lawsuit identifies the basketball player only as Perry Doe, to protect the alleged victim's identity.  But he is described in court papers as an undergraduate foreign student on a student visa at Yeshiva . . . ."  (Barres Decl., Ex. 3, p. 2.)  Thus Doe has inflicted on Perry the same harm that she would avoid for herself.  Doe states under oath that "I have also kept the name of my rapist confidential . . . ."  (Doe Aff. ¶ 12.)  That statement is misleading, at best.

In light of all the above circumstances, the seventh *Sealed Plaintiff* factor—"whether the plaintiff's identity has thus far been kept confidential," 537 F.3d at 190—weighs against anonymity.

## II.

### PLAINTIFF HAS MADE AN INSUFFICIENT SHOWING
### OF HARM TO JUSTIFY PROCEEDING ANONYMOUSLY

As noted above, Doe was an adult both at the time of the alleged rape (age 22) and her filing

of this action (age 23).  In such circumstances, a plaintiff normally is not permitted to proceed

anonymously.  *See, e.g., Doe v. Weinstein*, 484 F. Supp. 3d 90, 91, 96 (S.D.N.Y. 2020) (motion

denied where plaintiff was 22 when she was sexually assaulted by Harvey Weinstein); *Branca*,

2022 WL 2713543, at *4 (first through fourth *Sealed Plaintiff* factors all weighed against

anonymity where plaintiff was adult at time of suit and alleged rape, and her allegations of harm

were based on conclusions and speculation); *Leonelli*, 2022 WL 2003635, at *3 (anonymity

denied where plaintiff was an adult at time of suit and alleged sexual abuse); *Doe v. Townes*, 19-

cv-8034 (ALC) (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) (same).

Most of the cases cited by Doe are distinguishable because they involve plaintiffs who were

children.  *See, e.g., Doe v. Indyke*, 19-cv-7771 (PKC), 2019 U.S. Dist. LEXIS 157124, at *1

(S.D.N.Y. Sept. 12, 2019) (plaintiff was 17 when Jeffrey Epstein allegedly began to sexually assault

her); *Doe v. Baram*, 20 Civ. 9522 (ER), 2021 WL 3423595, at *1 (S.D.N.Y. Aug. 5, 2022) (plaintiff

was 17 when allegedly sex-trafficked by defendant); *Doe v. AR*, No. 21-CV-6353-FPG, 2021 WL

4060413, at *1 (W.D.N.Y. Sept. 7, 2021) (granting unopposed motion of plaintiff who was a child

when sexual abuse allegedly occurred); *Doe v. Nygard*, 20 Civ. 6501 (ER), 2020 WL 4890427, at

*1, 3 (S.D.N.Y. Aug. 20, 2020) (plaintiffs were 14 and 15 years old at time of alleged rape, and one

was still a minor at time of motion); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 194 (E.D.N.Y. 2006)

(plaintiff was a child when allegedly molested by rabbi/teacher); *Florida Abolitionist v.

Backpage.com LLC*, No. 6:17-cv-218-Orl-28TBS, 2017 U.S. Dist. LEXIS 75744, at *2 (M.D. Fla.

May 18, 2017) (plaintiff allegedly was sex-trafficked beginning at age 11); *Doe v. Good Samaritan*

*Hospital*, 66 Misc. 3d 444, 445 (Sup. Ct. Nassau Cty. Dec. 3, 2019) (plaintiff was a child when she allegedly was sexually abused).

Although Doe cites cases that do not involve child victims or plaintiffs, they are not remotely comparable to this case. *See Doe v. Gooding*, 20-cv-06569 (PAC), 2021 WL 5991819, at *1 (S.D.N.Y. July 29, 2021) (granting *unopposed* motion of plaintiff whose age is not disclosed and who allegedly was raped by Cuba Gooding, without prejudice to his future opposition to her motion); *Doe v. Blue Cross & Blue Shield United of Wi.*, 112 F.3d 869, 872 (7th Cir. 1997) (*unopposed* motion of psychiatric patient).

Thus, the fourth *Sealed Plaintiff* factor—"whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of h[er] age"—weighs against allowing Doe to proceed anonymously. 537 F.3d at 190 (internal citation omitted); *see also Rapp*, 537 F. Supp. 3d at 530 (plaintiff's age is "a critical factor" in applying the *Sealed Plaintiff* test).

Nor does Doe fare any better under the second *Sealed Plaintiff* factor, "whether identification poses a risk of retaliatory physical or mental harm to [plaintiff] or even more critically, to innocent non-parties." 537 F.3d at 190. In the cases in which the second *Sealed Plaintiff* factor favored anonymity, there was evidence of a credible risk of retaliation against plaintiff if his or her identity were revealed. *See, e.g., Kolko*, 242 F.R.D. at 194, 195, 197 (plaintiff, a former student of a religious school, presented evidence of a campaign of harassment, intimidation, and shunning by members of his community if claims were filed against the rabbi accused of molesting students); *Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 273 (E.D.N.Y. 2015) (present and former police officers, including one who was indicted, were accused of committing criminal acts against plaintiffs). Doe cannot come close to proving such circumstances.

She states that disclosure will likely cause her to lose several close Orthodox Jewish friends (Doe Aff. ¶ 15), substantially diminish her employment opportunities, and be distrusted in the Jewish community, if it were revealed that she is attacking Yeshiva (*id.* ¶ 17).  But she can offer no evidence to support such speculations.  Indeed, other than an isolated incident of one basketball player confronting her (AC ¶ 210)—which, of course, demonstrates that her identity is already known by others, which militates *against* anonymity—she cannot point to anyone ostracizing her because they learned her identity as an alleged rape victim, and she cannot show that anyone inflicted serious, lasting physical or emotional harm on her.  In any event, to support anonymity, the alleged injury must be more than embarrassment or social stigmatization.  *Weinstein*, 484 F. Supp. 3d at 94; *see also Doe v. City of N.Y.*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) (claim of reputational injury, absent proof that it "would be particularly grave," was insufficient).  Doe falls far short of meeting her burden.

Does says that she has not informed her family of the alleged rape, in order to spare them emotional trauma, worry, and outrage.  (Doe Aff. ¶ 9.)  But she makes no claim, and offers no evidence, that anybody will retaliate against them in any material way if her identity were revealed. *See Sealed Plaintiff*, 537 F.3d at 190 (second factor is triggered by "retaliatory" harm to plaintiff or non-parties).

In her affidavit, Does claims that she continues to suffer from severe emotional anguish and mental pain and suffering.  (Doe Aff. ¶ 6.)  She also says that being required to publicize her identity would risk exacerbating her emotional distress, anxiety, and other psychological damage. (*Id.* ¶ 10.)  But such vague and conclusory statements of injury, unsupported by the affidavit of a psychiatrist or psychologist, fall far short of meeting her burden of proving injury.

13

When a plaintiff claims that disclosure of her identity will retrigger or exacerbate psychological symptoms, she must submit medical evidence establishing the severity of the symptoms that will result from the disclosure of her identity.  The medical evidence must establish that the risk of psychological injury will result from the revelation of her identity, and not from the litigation itself and the inevitable reliving of events that it will cause.  *Juan Gonzalez Agency*, 2022 WL 3100669, at *3; *Freydin*, 2021 WL 4991731, at *2; *Rapp*, 527 F. Supp. 3d at 528-29.  Thus, a plaintiff must establish the specific "incremental injury" that would result from disclosure of her identity.  *Branca*, 2022 WL 2713543, at *4; *Freydin*, 2021 WL 4991731, at *2.

But Doe, like the plaintiff in *Branca*, has "presented no evidence of specific and concrete harm, such as in the form of opinions from mental health professionals."  2022 WL 2713543, at *5. At the request of her counsel, and confirmed by Order of the Court dated October 4, 2022 [Dkt. 36], Doe was given until October 28 to supplement her motion for leave to proceed by pseudonym.  She requested that opportunity for the express purpose of submitting a psychiatrist's affidavit.  (Barres Decl. ¶ 9.)  Her failure to supplement her motion with the affidavit of any psychiatrist or psychologist—when the recent case law so clearly and uniformly requires solid medical evidence supported by the opinion of qualified professionals—requires the denial of her motion.

In addition, Doe's claims of injury are undercut by the fact that she finished her senior year of college and graduated with her class (Barres Decl. ¶ 7), notwithstanding the fact that Perry was attending Yeshiva, and the university allegedly took no action against him and provided no extra protection to her (AC ¶¶ 141-46, 191).  She also returned to Yeshiva in the fall of 2022.  In three semesters, she obtained a master's degree.  She also worked full-time in her chosen field of healthcare since graduating from college.  (Barres Decl. ¶ 7.)  She did these things notwithstanding the fact that Perry, who was a junior at the time he allegedly raped her, was still attending the

14

university in the 2022-23 academic year.  (*Id.* ¶ 8.)  And she does not allege that Perry ever tried to have any contact with her after she filed her complaint against him.  Her claims of psychological injury are therefore unsupported and certainly unproven.

Thus, the second *Sealed Plaintiff* factor (risk of retaliatory harm), the third *Sealed Plaintiff* factor (whether identification presents other harms and their likely severity), and fourth *Sealed Plaintiff* factor (plaintiff's age) weigh against allowing Doe to proceed anonymously.

### III.

### ALLOWING PLAINTIFF TO PROCEED ANONYMOUSLY WOULD BE UNFAIRLY PREJUDICIAL TO THE SEYFARTH DEFENDANTS

Doe has brought serious charges against the Seyfarth Defendants.  She alleges that they intentionally rigged the investigation of her alleged rape in order to discriminate against her based on her gender, exonerate a rapist, and cover up rapes at Yeshiva.  And she alleges that they did these horrifying things to get more business from Yeshiva.  In substance, she is accusing the Seyfarth Defendants of being corrupt, fraudulent, sexist, and unethical lawyers.  It would be fundamentally unfair to allow her to continue proceeding anonymously while she is publicly maligning the professionalism, dedication, and integrity of the Seyfarth Defendants.

Allowing a plaintiff to proceed anonymously is *inherently* prejudicial to defendants. *Juan Gonzalez Agency*, 2022 WL 3100669, at *4 (defendants' awareness of plaintiff's identity is not enough to negate the prejudice); *Leonelli*, 2022 WL 2003635, at *5 (same, and also recognizing that when a case, like this one, involves potential publicity, asymmetry as to investigation and discovery can occur because, with one party anonymous, information about only one side may come to light); *Freydin*, 2021 WL 4991731, at *3 (same); *Doe v. Skyline Automobiles, Inc.*, 372 F. Supp. 3d 401, 407 (S.D.N.Y. 2019) (recognizing the same harms, and

15

adding that an anonymous plaintiff would have more leverage in settlement negotiations); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

That prejudice is magnified in a case like this one in which two of the three Seyfarth Defendants (and two of the three Yeshiva Defendants) are individuals rather than entities. Doe did not need to sue Kesselman and Miller to obtain whatever relief she may be entitled to from Seyfarth (which is none). Because she sued the individual lawyers, the Court must account for the unfairness to them of having their professional reputations publicly attacked by a hidden plaintiff. *See, e.g., City of N.Y.*, 201 F.R.D. at 102 ("The [defendant] officers have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy . . . ."); *Rapp*, 537 F. Supp. 3d at 531 (reputational damage to individual defendant weighed against anonymity). As lawyers, the Seyfarth Defendants—and especially Kesselman and Miller—are far more susceptible to reputational damage than Doe, who is not being charged with any unlawful or unethical conduct. If this case were to progress beyond the motion-to-dismiss stage, the prejudice to the Seyfarth Defendants will only increase.

Therefore, the sixth *Sealed Plaintiff* factor—prejudice to defendants—weighs against anonymity.

## IV.

### THE PUBLIC INTEREST AND THE INTERESTS OF JUSTICE WOULD BE BEST SERVED BY REQUIRING PLAINTIFF TO PROCEED PUBLICLY

In this action, Doe challenges only the actions of private parties rather than governmental actors. Therefore, as Doe concedes (Pl. Mem., p. 6), the fifth *Sealed Plaintiff* factor weighs against anonymity. *See Rapp*, 537 F. Supp. 3d at 532 & n.66.

Doe argues that the public interest in her identity is weak because this case raises purely legal questions. (Pl. Mem., p. 8.) She is flatly wrong. If her claim survives the Seyfarth

Defendants' motion to dismiss, the dispute will be mainly a *factual* one about Doe's and Perry's conflicting accounts of an alleged rape, and about how the Seyfarth Defendants investigated it. *See Townes*, 2020 WL 2395159, at *6 (denying motion where "the allegations do not involve abstract questions of law, but specific factual allegations of harassment and assault . . . and other mistreatment and abuse by Defendant"); *Skyline Automobiles*, 375 F. Supp. 3d at 408 ("Plaintiff alleges that she was sexually assaulted, sexually harassed, and subject to sexual and racial discrimination. . . .  Any analysis and litigation in this case will be factual in nature . . . ."). Therefore, the ninth *Sealed Plaintiff* factor—"whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," 537 F.3d at 190—also weighs against proceeding anonymously.

Doe argues that the eighth *Sealed Plaintiff* factor—"whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity," *id.*—weighs in favor of anonymity because sexual assault victims will be deterred from reporting such crimes if their identities are disclosed.  But this factor does not favor anonymity in this case.  In her affidavit, Doe states that, if she were required to proceed under her real name, she "would then face a difficult decision as to whether or not to proceed with the prosecution of this case."  (Doe Aff. ¶ 17.)  Thus, at best, Doe hedges.  She does not affirmatively state that her continuation as plaintiff depends on remaining anonymous.  And even if she had made such a statement, instead of the vague and evasive statement that she actually made, it would not matter.

Because lawsuits are public events, the public has a legitimate interest in knowing their facts, including the identity of the parties.  *E.g., Weinstein*, 484 F. Supp. 3d at 97; *Shakur*, 164 F.R.D. at 361.  In addition, "the public interest in sexual assault and discrimination is very high." *Skyline Automobiles*, 375 F. Supp. 3d at 408.  Even if Doe had stated unequivocally that she

would drop the case if required to proceed under her name, it would not be grounds to grant her motion. *See, e.g., Rapp*, 537 F. Supp. 3d at 533 (denying anonymity motion of plaintiff who alleged he was molested by defendant beginning at age 14, and who informed the court that he would be emotionally incapable of proceeding under his real name). The eighth *Sealed Plaintiff* factor therefore also weighs against anonymity.

Finally, even if Doe needed any special protection (which she does not), there are options for providing it other than the extraordinary, disfavored relief of allowing her to proceed anonymously. Those options include a confidentiality order governing document and deposition discovery, or, should a special need arise, Doe may seek permission to redact particularly sensitive information. *See Leonelli*, 2022 WL 2003635, at \*5; *Townes*, 2020 WL 2395159, at \*6; *Skyline Automobiles*, 375 F. Supp. 3d at 408.

Therefore, the tenth *Sealed Plaintiff* factor—whether there are any alternative mechanisms for protecting confidentiality—weighs against anonymity.

Attached as <u>Schedule A</u>, for the Court's convenience, is a table that summarizes the alignment of *Sealed Plaintiff* factors. In total, all of the factors weigh against anonymity, except that the first factor (case involving matters of a highly sensitive and personal nature) is neutral. On this record, there is no question that Doe's motion should be denied.

## <u>CONCLUSION</u>

For all of the above reasons, the Court should (1) deny plaintiff's motion to proceed in this action under pseudonym, and for a protective order; (2) vacate the Order of July 13, 2022 [Dkt. 18] that provisionally granted plaintiff's motion before it was opposed; and (3) direct that the caption of this case be modified to replace "JANE DOE (A PSEUDONYM)" with plaintiff's real name, unless she voluntarily dismisses this action within 14 days of the Court's decision.

Dated:  November 17, 2022
       New York, New York

                  ELMAN FREIBERG PLLC

                  By:_____*/s/ Howard I. Elman*_____
                     Howard I. Elman
                     David L. Barres
                  450 Seventh Avenue, 33rd Floor
                  New York, NY 10123
                  (646) 780-8100
                  helman@ef-law.com
                  dbarres@ef-law.com

                  *Attorneys for Defendants*
                  *Seyfarth Shaw, LLP, Dov Kesselman, Esq.,*
                  *and Emily Miller, Esq.*

## SCHEDULE A

## SUMMARY TABLE OF *SEALED PLAINTIFF* FACTORS

| Factor | Favors Plaintiff | Favors Seyfarth Defendants | Comments |
|---|---|---|---|
| 1. Whether litigation involves matters of a highly sensitive and personal nature. | — | — | This factor is neutral because plaintiff is an adult and cannot establish other circumstances of vulnerability, and because she has told her story to several media outlets. |
| 2. Risk of retaliatory harm to plaintiff and innocent non-parties. | | ✓ | No evidence that Doe and her family will likely suffer retaliation. |
| 3. Risk of other harms and likely severity. | | ✓ | No medical evidence of increased psychological injury. |
| 4. Whether plaintiff is particularly vulnerable to harm from disclosure, particularly in light of her age. | | ✓ | Plaintiff was an adult both at the time of the alleged rape and when she filed suit. |
| 5. Whether suit challenges the actions of the government or private parties. | | ✓ | Only the actions of private parties are challenged. |
| 6. Prejudice to defendant. | | ✓ | Proceeding anonymously is inherently prejudicial to defendants and causes reputational harm, especially to individual attorney defendants being personally attacked in court papers and the media. |

| | | | |
|---|---|---|---|
| 7.  Whether plaintiff's identity has been kept confidential. | | ✓ | Doe's identity is known to her friends, to other Yeshiva students, and university officials. |
| 8.  Whether the public interest is furthered by requiring disclosure of plaintiff's identity. | | ✓ | Lawsuits are public, and the public has a legitimate interest in knowing the parties' identities. |
| 9.  Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities. | | ✓ | If this case survives the pending motions to dismiss, this dispute will be mainly a factual one about an alleged rape and how it was investigated. |
| 10.  Whether there are any alternative mechanisms for protecting plaintiff's confidentiality. | | ✓ | Available alternatives include a confidentiality order and, should a special need arise, motions to redact particularly sensitive information. |