UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

JANE DOE,                                                     :

                                 Plaintiff,       :

                                                              No. 1:22-cv-05405-PKC-KHP

      -against-                                              :

YESHIVA UNIVERSITY, ANDREW "AVI" LAUER, :
ESQ., CHAIM  NISSEL, SEYFARTH SHAW, LLP,
DOV KESSELMAN, ESQ., and EMILY MILLER,       :
ESQ.
                               Defendants. :

-------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YESHIVA UNIVERSITY, ANDREW "AVI" LAUER AND CHAIM NISSEL'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN THIS ACTION UNDER A PSEUDONYM**

MORRISON COHEN LLP
Danielle C. Lesser
Jaimie Fitzgerald
909 Third Avenue
New York, New York 10022
Tel: (212) 735-8675
Fax: (917) 522-3170
dlesser@morrisoncohen.com
jfitzgerald@morrisoncohen.com

*Attorneys for Defendants*
*Yeshiva University, Andrew "Avi" Lauer,*
*and Chaim Nissel*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ...................................................................................................................... 4

   1.  Factor 1: Whether the litigation involves matters that are highly
      sensitive and of a personal nature ...................................................................... 6

   2.  Factor 2: Whether the identification poses a risk of retaliatory
      physical or mental harm to the party seeking to proceed
      anonymously, or even more critically to innocent non-parties ........................ 7

   3.  Factor 3: Whether identification presents other harms and the
      likely severity of those harms, including whether the injury
      litigated against would be incurred as a result of the disclosure
      of the plaintiff's identity ................................................................................... 8

   4.  Factor 4: Whether the plaintiff is particularly vulnerable to the
      possible harms of disclosure, particularly in light of his or her age ................ 9

   5.  Factor 5: Whether the suit is challenging the actions of the
      government or that of private parties ............................................................... 10

   6.  Factor 6: Whether the defendant is prejudiced by allowing the
      plaintiff to press his or her claims anonymously, whether the
      nature of that prejudice (if any) differs at any particular stage
      of the litigation, and whether any prejudice can be mitigated by
      the district court ............................................................................................... 10

   7.  Factor 7: Whether the plaintiff's identity has thus far been kept
      confidential ...................................................................................................... 12

   8.  Factor 8: Whether the public interest in the litigation is furthered
      by requiring the plaintiff to disclose his or her identity................................... 12

   9.  Factor 9: Whether, because of the purely legal nature of the issues
      presented or otherwise, there is an atypically weak public interest
      in knowing the litigants' identities.................................................................. 12

   10. Factor 10: Whether there are any alternative mechanisms for
      protecting the confidentiality of the plaintiff .................................................. 13

CONCLUSION................................................................................................................. 14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Doe v. Branca USA Inc.*,
No. 22-cv-3806, 2022 U.S. Dist. LEXIS 124177 (S.D.N.Y. July 13, 2022) ..................5, 7, 12

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006) ............................................................................................6

*Doe v. Cornell Univ.*,
3:19-cv-1189, 2021 U.S. Dist. LEXIS 248809 (N.D.N.Y. Jan. 28, 2021) .........................9, 10

*Doe v. Indyke*,
19-cv-7771, 2019 U.S. Dist. LEXIS 157124 (S.D.N.Y. Sept. 12, 2019) ................................6

*Doe v. Juan Gonzales Agency Corp.*,
21-cv-00610, 2022 U.S. Dist. LEXIS 138996 (S.D.N.Y. Aug. 4, 2022) ........................6, 8, 13

*Doe v. Leonelli*,
22-cv-3732, 2022 U.S. Dist. LEXIS 100895 (S.D.N.Y. June 6, 2022) .......................9, 10, 11

*Doe v. Nygard*,
20 Civ 6501, 2020 U.S. Dist. LEXIS 151186 (S.D.N.Y. 2020) ...............................................6

*Doe v. Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) .........................................................................................11

*Doe v. Skyline Autos. Inc.*,
375 F. Supp. 3d 401 (S.D.N.Y. 2019).............................................................................. *passim*

*Doe v. Townes*,
19-cv-8034, 2020 U.S. Dist. LEXIS 83550 (S.D.N.Y. May 12, 2020) .........................7, 8, 11

*Doe v. Weinstein*,
484 F. Supp. 3d 90 (S.D.N.Y. 2020)......................................................................................9

*Rapp v. Fowler*,
537 F. Supp. 3d 521 (S.D.N.Y. 2021).....................................................................................9

*Rives v. SUNY Downstate Coll. of Med.*,
20-cv-621, 2020 U.S. Dist. LEXIS 138972 (E.D.N.Y. Aug. 4, 2020), *rev'd on other grounds*, 20-cv-621, 2022 U.S. Dist. LEXIS 180047 (E.D.N.Y. Sept. 30, 2022) .....................................................................................................................................8

*Sealed Plaintiff v. Sealed Defendant #1*,
  537 F.3d 185 (2d Cir. 2008) ..........................................................................................4, 5, 6

**Other Authorities**

Federal Rules of Civil Procedure Rule 10 ........................................................................4

Federal Rules of Civil Procedure Rule 8 ..........................................................................4

Defendants Yeshiva University ("Yeshiva"), Andrew "Avi" Lauer ("Lauer") and Chaim Nissel ("Nissel") (collectively, the "Yeshiva Defendants") respectfully submit this memorandum of law in support of their response to Plaintiff's Motion for Leave to Proceed in This Action Under a Pseudonym (the "Motion").

## PRELIMINARY STATEMENT

The Amended complaint is provisionally filed under a pseudonym.  Yeshiva takes no position with regard to the instant application.  The Yeshiva Defendants offer this Memorandum to further elucidate the issues as they impact Yeshiva as an institution and the two individuals named in the Amended Complaint and ask the Court to apply the case law and its discretion as it deems appropriate in these circumstances.

Plaintiff's Amended Complaint (the "Amended Complaint") is a broadside attack on Yeshiva University as an institution and two individual employees specifically for allegedly mishandling the investigation of Plaintiff's alleged sexual assault at the hands of another Yeshiva student.  The Amended Complaint includes far ranging and sensational (albeit irrelevant) allegations relating to Yeshiva's fund raising, its decades' long practice of keeping federally mandated statistics, and the selection of outside counsel to conduct the investigation of Plaintiff's allegations.  The "shortened" Amended Complaint is 124 pages long, with 419 separate paragraphs and 14 paragraphs in its ad damnum clause and names four individuals personally.  The Amended Complaint is rife with sensationalized allegations against Yeshiva University, two prominent administrators at Yeshiva, Seyfarth Shaw, and two of its attorneys.  Plaintiff's attorney issued a press release when he filed it.

The Amended Complaint itself references Plaintiff's myriad discussion of the events underlying her allegations with friends, teachers and others, and uses precise biographical details

about her and the other student whom she accuses, providing more than a few clues as to her identity. Additionally, following the underlying events Plaintiff herself has spoken publicly, albeit anonymously, including writing an article for Yeshiva's student newspaper, which is also addressed in the Amended Complaint. Plaintiff's counsel has also commented on the case in a variety of media pieces following the filing of the Amended Complaint, including in a press release featured on his website where he also references other cases he has brought against Yeshiva.

Plaintiff had requested the opportunity to supplement the instant motion, which request delayed the filing of this brief. Plaintiff has made no supplemental filing to amplify the Motion, choosing to rely only on the originally filed brief declaration from counsel and an affidavit from Plaintiff Under the law in this Circuit, the party seeking to proceed anonymously bears the burden of proving it is entitled to do so – anonymity is the exception not the rule. Courts in this Circuit apply ten non-exhaustive factors to balance the plaintiff's interest in anonymity against both the defendants' ability to defend themselves and the public's interest in the openness of judicial proceedings. The Yeshiva Defendants seek only to vindicate their integrity and their conduct in a fair and balanced proceeding.

**STATEMENT OF FACTS**

Underlying the Amended Complaint's claims against the Yeshiva Defendants is the allegation that Plaintiff was sexually assaulted at another Yeshiva student's off-campus apartment. (Am. Compl. ¶ 77). Plaintiff seeks to hold the Yeshiva Defendants responsible for her dissatisfaction with Yeshiva's investigation of her sexual assault allegations and her position that Yeshiva did not properly investigate her claims under the applicable procedures or put adequate safety measures in place to protect Plaintiff after the alleged assault and the investigation.

2

The Amended Complaint details that both Plaintiff and the student she alleges assaulted her ("Perry Doe" or "Perry") were members of Yeshiva varsity athletic teams (Am Compl. ¶¶ 58, 63, 67) and further identifies Plaintiff as being from a state other than New York and a student from 2018 to at least July 2022 (Id., ¶¶ 2, 4, 58). While the publicly filed version of the Amended Complaint does not include Plaintiff's real name, it does indicate that a number of individuals, including at least four students other than Perry, know her identity.  *See Id.*, ¶¶ 91-92 (Plaintiff told her roommates and close male friend about the rape); *Id.*, ¶ 210 (another student "slut-shamed" her in a "social situation"); *Id.*, ¶ 235 ("other YU students[] mocked and ridiculed Plaintiff for her rape allegations.").

Following the alleged assault and Yeshiva's investigation, Plaintiff, albeit anonymously, discussed her allegations across multiple media platforms.  For example, the Amended Complaint refers to the article that Plaintiff wrote for Yeshiva's student-run newspaper, the YU Commentator, that was published on August 25, 2021. (*Id*., ¶ 146).  While not mentioned in the Amended Complaint, Plaintiff was also interviewed twice on a podcast (and the host continued to discuss those interviews in two additional episodes), and gave an interview to The Forward, all in which she discussed the alleged assault underlying the Amended Complaint.  The Amended Complaint makes clear that Plaintiff *has* told friends about the underlying events.

In addition to Plaintiff's public statements, her counsel, Kevin Mulhearn, has also made multiple public comments about this action, and heavily features his involvement in this case on the front page of his website.  Just under the summary of this case, Mulhearn also references an entirely separate action concerning allegations against teachers and administrators at the Yeshiva University High School for Boys in Manhattan in the 1960s through the 1990s. (Lesser Decl.,

Exhibit 1).  The Amended Complaint quite unnecessarily references this separate case.  (*See e.g.*, Am. Compl. ¶¶ 121, 137).

Plaintiff first filed a Summons and Complaint in this action on June 27, 2022 [Dkt. No. 3].  The following day, the Court issued an Order requiring Plaintiff to "show cause in writing by July 12, 2022 why the complaint ought not to be dismissed with leave to replead for failure to comply with Rule 8(a)(2)."  The Order explained that Plaintiff filed the Complaint under a pseudonym without first seeking leave to do so, and directed Plaintiff to correct the deficiency by July 12.  [Dkt. No. 8].  In response to the June 28 Order, Plaintiff filed the instant Motion for Leave to Proceed in This Action Under a Pseudonym along with an Amended Complaint on July 12, 2022 [Dkt. Nos. 11, 16].   The Parties proposed a briefing schedule for both the Motion and the Defendants' Motions to Dismiss the Amended Complaint by letter dated October 4, 2022 [Dkt. No. 35], which was adopted to the Court that same day [Dkt. No. 36].  Plaintiff's counsel requested that the briefing schedule allow Plaintiff until October 28, 2022 to supplement the Motion, but Plaintiff failed to do so.

## ARGUMENT

Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of a complaint "name all the parties."  Fed. R. Civ. P. 10(a).  Rule 10(a) "serves the vital purpose of facilitating public scrutiny of judicial proceedings."  *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188 (2d Cir. 2008).  The Second Circuit has clarified that this requirement "cannot be set aside lightly" as the public has a right to know who is using the courts.  *Id*, at 189; *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)).  In limited circumstances, a district court does have the discretion to grant an exception to the general rule requiring disclosure of the names of all parties

4

and permit a plaintiff to proceed under a pseudonym. *See Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citations omitted). In determining whether to allow a plaintiff to proceed anonymously, the Court is to balance a plaintiff's interest in anonymity against both "(a) the public interest in disclosure and (b) the potential prejudice to defendants." *Sealed Plaintiff*, 537 F.3d at 186; *Skyline Autos. Inc.*, 375 F. Supp. at 405. A plaintiff's allegations supporting their request for anonymity must be based on more than just "mere speculation." *Skyline Autos.*, 375 F. Supp. at 405 (quoting *United States v. UCB, Inc.*, 14-cv-2218, 2017 WL 838198, *3 (S.D.N.Y. 2017)). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption*." Doe v. Branca USA Inc*., No. 22-cv-3806, 2022 U.S. Dist. LEXIS 124177, at *4-5 (S.D.N.Y. July 13, 2022) (quoting *Pilcher 950 F.3d at 45*).

The Second Circuit has set forth a non-exhaustive list of factors for courts to consider when determining whether a plaintiff may proceed anonymously in a civil action:

> (1)    Whether the litigation involves matters that are 'highly sensitive and [of a] personal nature;' (2) 'whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] . . . or even more critically, to innocent non-parties;' (3) whether identification presents other harms . . . ; (4) whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously . . . ; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) 'whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities'; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff,* 537 F.3d, at 190 (Internal citations omitted). In applying these factors, no one factor is dispositive, and instead the court is to use the factors as a guide to balance the plaintiff's

interest in anonymity against the defendants' interests and the public's interest in transparent legal proceedings. *Id.* at 191, n.4.

### 1. Factor 1: Whether the litigation involves matters that are highly sensitive and of a personal nature

While the Yeshiva Defendants do not contest that this litigation concerns allegations of a sexual assault against Plaintiff, and are sympathetic to this fact, numerous courts in this district have explained that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Skyline Autos, Inc.*, 375 F. Supp. at 405 (citing *Doe v. Shakur*, 164 F.R.D. 359, 361-62 (S.D.N.Y. 1996) (collecting cases); *Doe v. Juan Gonzales Agency Corp.*, 21-cv-00610, 2022 U.S. Dist. LEXIS 138996, at *6 (S.D.N.Y. Aug. 4, 2022) ("That this case involves allegations of rape and sexual assault, in the absence of additional circumstances of sensitivity, does not warrant a finding in Plaintiff's favor on the first *Sealed Plaintiff* factor.").

In the cases cited by the Plaintiff in support of this factor, other unique circumstances, were present in addition to sexual assault allegations that entitled the plaintiff to anonymity. *See Doe v. Nygard*, 20 Civ 6501, 2020 U.S. Dist. LEXIS 151186 (S.D.N.Y. 2020) (plaintiff was a mother bringing suit on behalf of her two sons that were allegedly survivors of defendant's sex trafficking operation, one of whom was still a minor at the time the suit was brought, and was able to demonstrate they were at increased risk for retaliatory harm because of defendant's wealth and status, and prior history of threats; *Doe v. Indyke*, 19-cv-7771, 2019 U.S. Dist. LEXIS 157124 (S.D.N.Y. Sept. 12, 2019) (Castel, J.) (allowing victim of Jeffrey Epstein, who was subjected to an on-going pattern of abuse beginning when she was 17 to proceed anonymously, but reserving the right to modify the Order as the case progressed); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) (alleging rabbi sexually abused plaintiff as a child, and

presented specific evidence of medical issues and specific threats justifying maintaining anonymity).

Courts have addressed similar allegations and concluded that there is no blanket rule that provides anonymity to all sexual assault victims bringing a lawsuit. *Branca USA, Inc.*, 2022 U.S. Dist. LEXIS at \*5 (explaining that a claim by an adult plaintiff to have been the victim of sexual abuse and to have suffered physical or psychological damages as a result, even when accompanied by sufficient facts to support that claim, was not enough to entitle a plaintiff to proceed anonymously.)  This factor alone, even if decided in Plaintiff's favor, does not end the inquiry, as it must be balanced against the other nine factors.

2. **Factor 2: Whether the identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically to innocent non-parties**

Plaintiff argues  that learning of her identity would cause her parents and siblings "to suffer emotional distress, mental anguish and pain and suffering." (Motion at p. 4).  Courts have found that similar allegations of speculative harm do not satisfy the "heavy burden" plaintiffs have on this factor. *See Doe v. Townes*, 19-cv-8034, 2020 U.S. Dist. LEXIS 83550, at \* 10 (S.D.N.Y. May 12, 2020) (explaining that the risk to third parties "must be more than speculative claims of physical or mental harms."); *Skyline Autos*, 375 F. Supp. at 405 (allegations of mental harm have to be more than "mere speculation").  Plaintiff's evidence is insufficient to meet the requirements of this factor.

### 3. Factor 3: Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity

Plaintiff's allegations that she will suffer harm if her identity is revealed is not based on evidence presented to this Court.  Plaintiff's Affidavit does not attach any factual support for her claim that disclosure of her identity would cause her mental harm (Motion, at p.5).  Generally in order to find sufficient evidence of this type of harm, courts in this Circuit require medical documentation that shows "a severity of emotional harm from disclosure" beyond conclusory statements that it would cause anxiety, nightmares, etc. paired with an explanation as to how the risk of publicity would be the cause of the harm.  Something more than "the inherent machinery of litigation, which will require her to re-live the events at issue in the case" must be shown. *Juan Gonzales Agency Corp., 2022 U.S. Dist. LEXIS 138996*, at *9-10.  Plaintiff had the opportunity to supplement her motion with this evidence but did not do so.

In addition to the allegations of mental harm, Plaintiff asserts that she will "likely" suffer stigmatization and professional and personal harm if she is compelled to reveal her identity. (Motion at p. 5).  This is also speculative as plaintiff has put forth no details about her chosen profession or how she believes she will be harmed professionally.  Other plaintiffs have attempted to make similar arguments, and the court has rejected them.  *See Rives v. SUNY Downstate Coll. of Med.*, 20-cv-621, 2020 U.S. Dist. LEXIS 138972 (E.D.N.Y. Aug. 4, 2020), *rev'd on other grounds,* 20-cv-621, 2022 U.S. Dist. LEXIS 180047 (E.D.N.Y. Sept. 30, 2022) (finding plaintiff, a medical school student, who was placed on leave and later denied readmission, would not suffer harm to his career if his identity was disclosed as he did not provide any support for his contention that residency programs would retaliate against him for bringing a lawsuit against his school); *Townes*, 19-cv-8034, 2020 U.S. Dist. LEXIS 83550, at *

11 (S.D.N.Y. May 12, 2020) ("Evidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously.") (Internal citations omitted).

Plaintiff also argues that requiring her to disclose her identity would "harm society-at-large by potentially deterring other sex abuse victims from reporting their sexual assaults." (Motion, at p. 5).  While the Yeshiva Defendants agree that society has an interest in encouraging victims of sexual assault to come forward, as the court stated in *Rapp*, "it does not follow that the public has an interest in maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 533 (S.D.N.Y. 2021).

### 4. **Factor 4: Whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age**

Plaintiff's argument that the fourth factor should weigh in her favor centers around her status as a Yeshiva student and that she has required medical and psychological treatment. While courts can look at different types of vulnerability when analyzing this factor, the "critical factor" in determining vulnerability is age.  *Doe v. Leonelli*, 22-cv-3732, 2022 U.S. Dist. LEXIS 100895, at *10 (S.D.N.Y. June 6, 2022).  Plaintiff was 22 years old at the time of the alleged assault, and is currently 23 years old.  *See Doe v. Weinstein*, 484 F. Supp. 3d 90 at 96 (S.D.N.Y. 2020) (explaining that plaintiff was an adult and has not "identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny."); *Doe v. Cornell Univ.,* 3:19-cv-1189, 2021 U.S. Dist. LEXIS 248809, at *17 (N.D.N.Y. Jan. 28, 2021) ("Even though Plaintiff is still in his formative years, he is an adult college student who availed himself to the courts by filing this suit.").

**5. Factor 5: Whether the suit is challenging the actions of the government or that of private parties**

As acknowledged by Plaintiff in her Motion, this action involves a dispute between only private parties, which weighs against anonymity.  (Motion at p. 6).

**6. Factor 6: Whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court**

Courts in this Circuit have considered at least three types of prejudice a defendant could suffer where the plaintiff proceeds anonymously, all of which are present here: "difficulties in conducting discovery, reputational damage, and fundamental fairness."  *Leonelli*, 2022 U.S. Dist. LEXIS, at \*13; *Cornell Univ.*, 3:19-cv-1189, 2021 U.S. Dist. LEXIS 248809 (N.D.N.Y. Jan. 28, 2021).  Where a case involves allegations that are potentially damaging to the defendants, especially the individually named defendants, "basic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names."  *Cornell*, 2021 U.S. Dist. LEXIS, at \*19 (Internal citation & quotation omitted).  This factor is critically important to the Yeshiva Defendants.  They are entitled to defend themselves through the ability to call witnesses and seek documents from third parties.

First, difficulties in the discovery process can arise where a plaintiff proceeds anonymously.  For example, without knowing Plaintiff's identity, any witnesses who have relevant information but are not aware of it will be unable to come forward.  *See Leonelli*, 2022 U.S. Dist. LEXIS at \*13-14 (Internal citation & quotation omitted) (explaining that where a case involves publicity "asymmetry as to information and witnesses can occur because – with one party anonymous – information about only one side may … come to light," which can hinder

10

"the judicial interest in accurate fact-finding and fair adjudication.")  As discussed further below, there are other ways to protect sensitive information.

Second, Plaintiff's allegations clearly have the potential to cause serious reputational damage to Yeshiva, which Plaintiff herself describes as being "highly revered and respected" in the Orthodox Jewish community, as well as Lauer and Nissel individually. (Motion, at p. 5).  The Amended Complaint alleges not only that the Yeshiva Defendants mishandled Plaintiff's sexual assault complaint and the resulting investigation, but that they falsified decades' worth of sexual assault statistics. Where highly sensitive allegations are concerned, reputational damage "can flow both ways." *Leonelli*, 2022 U.S. Dist. LEXIS at *14 (Internal citation omitted).

Third, Plaintiff has made serious allegations against Yeshiva, and Yeshiva would be placed at a serious disadvantage in defending itself against those allegations if Plaintiff is not required to stand behind those charges publicly. *See Townes*, 2020 U.S. Dist. LEXIS at *16. The allegations that Lauer and Nissel have colluded to cover up an unknown number of sexual assaults is personal, sensitive, and incredibly damaging to them. *See Leonelli*, 2022 U.S. Dist. LEXIS at * 14 (Internal citation omitted) (explaining that a plaintiff's personal allegations about a defendant can "embarrass [defendant] and place him under the same stigma that concerns [plaintiff].")  The law in this Circuit does not discount the defendants' interests in this type of analysis. *Shakur*, 164 F.R.D. at 361 ("If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.")  The reputations of Yeshiva, Nissel and Lauer have been impugned by Plaintiff, and their rights should be factored into the Court's consideration of the Motion as well.

11

7.   **Factor 7: Whether the plaintiff's identity has thus far been kept confidential**

On the seventh factor, Plaintiff repeats that her identity has been kept confidential including from her immediate family.  The Amended Complaint and Plaintiff's statements in the media make it clear that she has told people.  The core concern of this factor is not only whether a plaintiff's identity as a litigant has been kept confidential, but "whether the information upon which they base their allegations is confidential." *Branca USA, Inc.*, 2022 U.S. Dist. LEXIS at *14.  While Plaintiff has remained anonymous in this litigation and her media statements, the Amended Complaint shows that multiple Yeshiva employees, at least four friends, and an unknown number of people who may have witnessed the events described in the Amended Complaint or Plaintiff's media statements either know or could easily ascertain Plaintiff's identity, and disclose it to the public at any time.  Thus, in considering this factor the Court should be aware of all of the potential ways in which Plaintiff's confidentiality has already been or could be compromised.

8.   **Factor 8: Whether the public interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity**

9.   **On the eighth factor, Plaintiff generally states that the disclosure of her identity "would potentially deter her from proceeding as a litigant in this case." (Motion at p.8).  The Yeshiva Defendants understand the weight of that potential decision on Plaintiff, and ask the Court to use its discretion in weighing the evidence Plaintiff has offered on this factor.  Factor 9: Whether, because of the purely legal nature of the issues presented or**
**otherwise, there is an atypically weak public interest in knowing the litigants' identities**

The allegations Plaintiff has asserted against Yeshiva are broader than just the alleged cover up of Plaintiff's sexual assault.  The Amended Complaint portrays Yeshiva and the individual defendants in an unfavorable light, and this alleged improper behavior spans decades.

Additionally, the current climate of continuing to encourage abuse victims to speak out and hold their abusers accountable are issues that "further the public's interest in enforcing legal and social norms." *Juan Gonzales Agency Corp.*, 2022 U.S. Dist. LEXIS at *15 (quoting *Townes*, 2020 U.S. Dist. LEXIS 83550, at *6).  The Amended Complaint also notes that Plaintiff, and impliedly other past, current and prospective Yeshiva students consider the sexual assault data when determining whether to attend Yeshiva University, which makes it of particular interest to the Yeshiva community, as well as the larger Orthodox Jewish Community.  (*See e.g.,* Am. Compl ., ¶¶ 37, 342).

### 10. Factor 10: Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff

The tenth factor is not concerned with whether alternative mechanisms exist that will protect Plaintiff's interest in the same way as pseudonymity, but "whether mechanisms exist to protect Plaintiff in the alternative." *Juan Gonzales Agency Corp., 2022 U.S. Dist. LEXIS,* at *15. Alternate mechanisms or less drastic remedies that could protect sensitive and confidential information do exist.  For example, the parties can enter into an appropriate protective order that would provide for the redaction of any particularly sensitive information in public filings, and limit how any sensitive information is used or exchanged in the discovery process.

## CONCLUSION

For the foregoing reasons, the Yeshiva Defendants take no position with regard to Plaintiff's Motion to Proceed in this Action Under a Pseudonym and respectfully request that this Court apply the case law and its discretion to reach a fair and equitable result for all parties involved.

Date:   New York, New York
         November 17, 2022

Respectfully submitted,

MORRISON COHEN LLP

By:  /s/ *Danielle C. Lesser*
        Danielle C. Lesser
        Jaimie Fitzgerald
        909 Third Avenue
        New York, New York 10022
        Tel: (212) 735-8675
        Fax: (917) 522-3170
        dlesser@morrisoncohen.com
        jfitzgerald@morrisoncohen.com

        *Attorneys for Defendants*
        *Yeshiva University, Andrew "Avi" Lauer,*
        *and Chaim Nissel*

14