# Morrison Cohen LLP

Danielle C. Lesser
Partner
(212) 735-8702
dlesser@morrisoncohen.com

October 2, 2023

**VIA NYSCEF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:      Ninth Circuit *En Banc* Panel Decision in *Brown v. Arizona*
               *Jane Doe v. Yeshiva University, Andrew "Avi" Lauer, Esq., Chaim Nissel,*
               *Seyfarth Shaw, LLP, Dov Kesselman, Esq. and Emily Miller, Esq.*,
               No. 1:22-cv-05405-PKC-KHP

Dear Judge Castel:

      We write on behalf of Defendants Yeshiva University, Andrew "Avi" Lauer, and Chaim Nissel (the "Yeshiva Defendants"). We write in response to the letter from Plaintiff's counsel dated September 30, 2023 regarding the Ninth Circuit Court of Appeals *en banc* panel decision in *Brown v. Arizona*, 2023 U.S. App. LEXIS 25276 (9th Cir. Sept. 25, 2023) (*en banc*). The initial conference before this Court was previously scheduled for October 24, 2022, but that date was vacated pursuant to the Court's Order granting the Defendants' letter motion to adjourn the Conference (Dkt. No. 36).

      First, the facts relied on by the *En Banc* panel in *Brown* are distinguishable from those alleged in the Amended Complaint and. Noting that "location is only one factor in determining the control over context, the *En Banc* panel was persuaded by the football coach's knowledge of the harrasser's (who was ultimately expelled and sentenced to five years in prison) past history of sexual assault of other university students, and his residence in a house he shared with other football players with the coach's approval and monitoring of his ability to live off-campus. Here, no such history of assault exists, and the alleged harasser resided in an off-campus Manhattan apartment, untethered to Yeshiva. These factual differences distinguish Yeshiva's lack of control over the context where the alleged assault took place from the level of control the Ninth Circuit found in *Brown*.

*Second*, as the dissenters in *Brown* persuasively argue, the *En Banc* panel erred, and this Court should decline to adopt its analysis. Under the controlling Supreme Court decision in *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, (1999), a school had control over a sexual assault such that it can be held liable under Title IX if it had both control over the harasser and control over the context of where the harassment occurred. As explained at length by the dissenting Justices in *Brown*, the majority decision amounts to a "collapsing of the two prongs" established by *Davis*. *Brown*, at * 71. Here, assuming *arguendo* that Yeshiva University had control over Perry (the alleged harasser) because he was subject to Yeshiva University's disciplinary authority (which Yeshiva University does not concede) Plaintiff does not assert any facts that show that Yeshiva University had requisite control over Perry Doe's off campus *apartment*.

Respectfully submitted

Danielle C. Lesser

cc: All Counsel of Record (via ECF)