UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE (A PSEUDONYM), WHOSE REAL NAME IS REDACTED,<br><br>Plaintiff,<br><br>-against-<br><br>YESHIVA UNIVERSITY, ANDREW "AVI" LAUER, ESQ., CHAIM NISSEL, SEYFARTH SHAW, LLP, and DOV KESSELMAN, ESQ.,<br><br>Defendants. | Case No.: 1:22-cv-05405-PKC-KHP<br><br>**PROTECTIVE ORDER** |

**THIS MATTER** having been brought before the Court upon the application of Plaintiff, through her undersigned counsel, Kevin T. Mulhearn, Esq. of Kevin T. Mulhearn, P.C., upon notice to and consent of Defendants Yeshiva University, Andrew "Avi" Lauer, Esq., and Chaim Nissel, through their undersigned counsel Danielle C. Lesser, Esq. of Morrison Cohen LLP, and Defendants Seyfarth Shaw, LLP and Dov Kesselman, Esq. through their undesigned counsel, Howard I. Elman, Esq. of Elman Freiberg PLLC, for the entry of this protective order pursuant to F.R.C.P. 26(c); and the Court having considered this matter, and for good cause shown;

IT IS ON THIS _____ day of _____, 2024, ORDERED as follows:

1. <u>Scope.</u> This Protective Order shall apply to all information, whether written, oral, contained in documents or transcripts, derived from such materials, or in any other form, produced during discovery in this action by any party (as defined below) or by any nonparty. All materials produced during discovery in this action shall be used by the parties only for the purpose of prosecuting or defending the action, including any appeals thereof, and not for any other purpose whatsoever, including any other action or proceeding. Any party receiving discovery material shall

promptly give notice thereof and make the materials available for review by the other parties in the event that all parties have not been served with such discovery.

2. <u>Definition of the Term "Party"</u>.  As used herein, the term "party" shall mean the plaintiff and all defendants in this litigation.

3. <u>Definition of the Term "Document"</u>.  As used herein, the term "document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any mechanical process, including by any magnetic or digital audio, visual, audio-visual and computer tapes, or written or produced by hand, namely: corporate charters and by-laws; studies and/or reports; medical records of every type and nature including X-rays; contracts, telexes; communications, including but not limited to intracompany or intercompany communications; correspondence, e-mail; faxes; letters; telegrams; telexes; memoranda; notes; audio, visual and audio-visual recordings of meetings, conversations and telephone conversations; records; books; diaries; pamphlets; minutes, notes, memoranda, and reports of meetings of trustees, corporate members, directors, officers, employees, and agents; notebooks; personal and/or employee records; photographs; operating manuals; document retention or destruction directives; opinions; agreements; settlement agreements and/or  settlement consent orders; confidentiality agreements; summaries; worksheets; forecasts; statistical statements; plans; telephone toll slips; graphs; letters of intent for agreements or contracts; letters of intent and agreements for financing; commitments for financing; calculations; proposals, charts; schedules; lists; indices; drawings; accounts; analytical records; records, minutes, notes, reports, summaries and/or memoranda of conversations, meetings, interviews or conferences; reports, notes, analyses and/or summaries of investigations; correspondence, summaries, analyses, opinions or reports of consultants or experts; records, reports, minutes, notes, memoranda and/or summaries of negotiations; appraisals; bills; assessments; receiving logs; insurance policies; and any other documents, drafts of documents or writings of whatever description, including but not limited

to any information contained in any computer although not yet printed out, and any and all copies of documents that contain any notes, handwriting, underscoring, deletions or in any way otherwise differ from the original thereof, within your possession, care, custody or control or that of any trustee, corporate member, director, employee, agent (including without limitation, legal, attorneys, accountants, consultants and other advisors), representative, or any other person or persons acting or purporting to act on behalf of the answering party.  As used herein, the term "document" also includes, but is not limited to, every "document," as defined above, created, generated, executed or exchanged by, to, between or among any trustee, corporate member, director, officer, management-level employee or agent of the answering party, or any member, parent, subsidiary, division, affiliate or agent of any of the foregoing.

4. <u>Definition of the Term "Confidential Information"</u>.  As used herein, "Confidential Information" shall mean the following categories of information:  (i) to the extent Plaintiff's Motion to Proceed in This Action Under a Pseudonym [Dkt. No. 11] is granted, any document that discloses the real name of Plaintiff, JANE DOE, or otherwise identifies or threatens to identify Plaintiff, JANE DOE (but if such motion is denied, a document shall not be designated "Confidential" on the sole basis that it discloses Plaintiff's real name or identity); (ii) any document that discloses the real name or identifies or threatens to identify the real name of any witness or any person who alleges that she or he was raped and/or sexually assaulted by a Yeshiva University student and/or Yeshiva University employee;[1] (iii) any document that discloses the real name or identifies or threatens to identify the real name of any Yeshiva University student or former Yeshiva University student who filed or attempted to file a Title IX rape and/or sexual assault complaint with Yeshiva University against any student or former student of Yeshiva University; (iv) any document that discloses the real name or

---

[1] For the avoidance of doubt, subsections (ii) and (iii) of Paragraph 4 shall not apply to Plaintiff's name if her motion to proceed anonymously is denied.

identifies or threatens to identify the real name of PERRY DOE or any other Yeshiva University student against whom a rape and/or sexual assault complaint with Yeshiva University has been alleged to have been brought; (v) commercial information relating to any Party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information; (vi) medical or mental health information relating to any student of Yeshiva University other than Plaintiff; (vii) Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation; (viii) Admissions files or other records relating to any student of Yeshiva University other than Plaintiff; or (ix) records restricted or prohibited from disclosure by statute.  If a designation of "Confidential" is challenged, the designating party bears the burden of demonstrating the propriety of the designation.

5. <u>Confidential Documents</u>.  Any party shall be permitted to designate as "Confidential" any document or information produced in discovery that it reasonably believes, in good faith, contains Confidential Information.

6. <u>Scope of "Confidential" Designation</u>.  The special treatment accorded to documents designated "Confidential" under this Order shall reach:

      (a)     All documents previously or hereafter designated by any party as "Confidential";

      (b)     All copies, extracts and complete or partial summaries prepared from such documents;

      (c)     Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts or summaries; and

      (d)     Any portion of any discovery response, affidavit, brief or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

7.     <u>Restrictions on Disclosure of "Confidential" Documents</u>.  Except with the prior written consent of the party producing "Confidential" documents or of its counsel, and except as provided elsewhere in this Order, documents designated by any party as "Confidential," and all information contained therein or derived therefrom, may not be disclosed to any person other than:

      (a)     The parties to this action, their officers, directors and employees;

      (b)     Counsel for the parties in this action;

      (c)     Secretaries, paralegal assistants and other employees of such counsel who are assisting in the prosecution and/or defense of this action;

      (d)     Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to examine a witness or to prepare the witness to testify concerning this case;

      (e)     Outside consultants and experts solely retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action, but only to the extent that such outside consultants and experts have executed the form attached hereto as Exhibit A, which shall be maintained by the party that has shown such Confidential Information to such third party; and

      (f)     Deposition stenographers.

8. <u>Review of Own "Confidential" Documents</u>.  The restrictions of this Order shall not apply to the party producing "Confidential" Documents and its employees attorneys or employees of such party's attorneys or other authorized agents.  Any consulting or testifying expert shall execute the form attached hereto as Exhibit A before reviewing Confidential Information.

9. <u>Objections to Designations</u>. Subject to Paragraph 12 below, any Party desiring to challenge a designation of confidentiality shall confer in good faith with counsel for the designating party or nonparty that produced Documents or other materials designated as Confidential (or directly with the nonparty, if not represented by counsel) ("Discovery Material"), and identify the specific documents or other information to which the challenging party intends to object and provide an articulated basis for each objection.  If the parties are able to reach agreement as to the designation of Discovery Material as Confidential, they shall notify all the other Parties (and, if applicable, the Nonparty who produced the Discovery Material designated as Confidential).  If the Parties are unable to reach agreement as to the designation of Discovery Material as Confidential, counsel for the challenging Party may, no less than five business days after providing written notice of the challenge to all Parties (and, if applicable, the nonparty who produced Discovery Material it designated as Confidential), submit a motion to the Court with notice to all Parties (and, if applicable, the nonparty who produced Discovery Material it designated as Confidential) seeking a determination as to whether such designation is appropriate.  The confidential status of the disputed documents or other information shall continue until such time as the Court rules on the motion or the objection is withdrawn.  Upon a determination by the Court that Discovery Materials should not have been designated as Confidential, the designating Party shall, within ten business days of the determination, provide a substitute of the Discovery Material without the designation.  The Parties shall not be obligated to challenge the propriety of a designation of "Confidential" information at the time made, and failure to do so shall not preclude a subsequent challenge to such determination.

10. <u>Use of "Confidential" Documents at Depositions</u>. Documents designated by any party as "Confidential" and all information contained therein or derived therefrom, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any documents designated by any party as "Confidential" that are marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to a document designated by any party as "Confidential," or information contained therein or derived therefrom, at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" as appropriate and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

11. <u>Designating Portions of Deposition Transcripts "Confidential"</u>. Any party may, within 30 days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as being "Confidential." At the deposition, counsel for each party will attempt in good faith to preliminarily identify and designate testimony and exhibits as "Confidential" without prejudice to the right of any other party to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Deposition testimony or exhibits designated by any party as "Confidential" may be so designated by stamping the exhibits "Confidential" or by underlining the portions of the pages that are "Confidential" and stamping such pages "Confidential." If a party does not timely designate testimony or exhibits from a deposition as "Confidential," none of the deposition testimony or exhibits will be treated as "Confidential." If a timely "Confidential" designation is made by a party, the "Confidential" portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "Confidential" or under the provisions of his Order.

12. <u>Use of "Confidential" Documents in Papers Filed With the Court</u>. Documents designated "Confidential" by a party, and all information contained therein or derived therefrom, may

7

be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "Confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped by the counsel submitting them as "Confidential" and separately filed under seal with the Clerk of the Court after the party seeking to file such documents under seal complies with the procedures set forth in Paragraph 14 below.

13. <u>Use of "Confidential" Documents in the Court</u>. Documents designated and produced by a party as "Confidential," and all information contained therein or derived therefrom, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that the "Confidential" Documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped by counsel submitting such documents as "Confidential" and separately filed under seal with the Clerk of the Court after the party seeking to file such documents under seal complies with the procedures set forth in Paragraph 14 below.

14. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 453 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the above, indicating the portion or portions of the information it seeks to have sealed.

Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15. <u>Litigation Use Only</u>. All documents designated by a party as "Confidential" and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or in any other administrative or judicial proceedings or actions.

16. <u>Stamping of "Confidential"</u>. Any references in this Order to stamping a document material or information as "Confidential" shall require such document, material or information to be stamped as follows: "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

17. <u>Stamping of Sealed Envelope to be Filed With the Court Containing "Confidential" Documents</u>. The sealed envelope used to file with the Court documents, materials and information which has been designated by a party or treated under this Order as "Confidential" shall be stamped:

> CONFIDENTIAL—Jane Doe v. Yeshiva University, et al., Docket No. 1:22-cv-05405-PKC-KHP. This Envelope Contains Documents Subject To A Protective Order Entered In This Action And Is Not To Be Displayed Or Revealed Except to The Court Or To Counsel For The Parties In This Action Unless Otherwise Ordered By The Court.

18. <u>Nontermination and Return of Documents</u>. The provisions of this Order shall continue to apply to all documents, materials and information designated by a party or otherwise treated under this Order as "Confidential" after this action has been terminated. "Confidential" documents may only be used in this action. Upon termination of this action, including all appeals, the parties shall return all "Confidential" documents to counsel for the producing party, as well as all copies, extracts and summaries thereof, except that counsel for each party may maintain in its files one copy of each pleading or other paper filed with the Court.

19. <u>No Admissions</u>. Nothing contained in this Order, nor any action taken in compliance with it, shall:

    (a) Operate as an admission by any party that any particular document or information is, or is not, confidential; and/or

    (b) Operate as an admission by any party that any particular document is, or is not, subject to discovery or admissible in evidence at the trial of this action.

20. <u>Interim Protection</u>. "Confidential" documents, if any, produced by a party through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court prior to such production, unless the Court otherwise directs.

21. <u>Restricted Public Disclosure</u>. Confidential Information relating to this action may be disclosed only to the individuals set forth below and may be used by those individuals only in connection with this action while this action is pending:

    (a) The Court and all persons assisting the Court in this action, including court personnel, law clerks, court reporters, and stenographic or clerical personnel;

    (b) All counsel acting for the parties in this action and all counsels' employees assisting such counsel in the prosecution or defense of this litigation;

    (c) Testifying or consulting experts retained by a party to assist in the prosecution or defense of this action, including employees of the firm with which the expert or consultant is associated with, to the extent necessary to assist the expert's work in this action;

    (d) Any person whose testimony is taken or is to be taken; and

    (e) Any other persons agreed to in advance in writing by the parties.

22. Upon evidence of any breach of this Order, the non-breaching party may apply to this Court for appropriate relief.

23. This Order is subject to modification by this Court upon good cause shown by any of the parties in this action.

24. Any party may, upon motion to the Court and regular motion practice notice to all other parties, attempt to seek the termination of this Order. The moving party will have the burden of establishing that there is no good cause for the continuation of this Order or portions thereof. Neither vacation nor modification of this Order, however, will establish a public right of access to unfiled discovery materials.

 

_____
HON. P. KEVIN CASTEL
U.S. District Court Judge

The undersigned consent to the form and entry of the within Order:

**KEVIN T. MULHEARN, P.C.**
*Attorneys for Plaintiff, JANE DOE*

By:_____
      KEVIN T. MULHEARN, ESQ.

Dated:_____

**MORRISON COHEN SINGER WEINSTEIN, LLP**
*Attorneys for Defendants Yeshiva University, Andrew "Avi" Lauer, Esq., and Chaim Nissel*

By:_____
      DANIELLE C. LESSER, ESQ.

Dated:_____

**ELMAN FREIBERG PLLC**
*Attorneys for Defendants Seyfarth Shaw, LLP, and Dov Kesselman, Esq.*

By:_____
      HOWARD I. ELMAN, ESQ.

Dated:_____

# EXHIBIT A

1.    I, _____, have read the Stipulated Protective Order ("Order") entered in *Jane Doe v. Yeshiva University, et al.*, Docket No. 1:22-cv-05405-PKC-KHP, and agree to be bound by its terms with respect to any documents, material or information designated by the parties or otherwise treated under the Order as "Confidential" that are furnished to me as set forth in the Order.

2.    I further agree not to: (i) disclose to anyone any documents, materials or information designated by the parties or otherwise treated under the Order as "Confidential" other than as set forth in the Order; (ii) make any copies of any documents, material or information designated by the parties or otherwise treated under the Order as "Confidential" furnished to me except in accordance with the Order; and (iii) make any public disclosures regarding the subject matter of this case and any allegations made against any defendants in this matter, except as authorized by the Order.

3.    I hereby consent to venue and jurisdiction in the United States District Court for the Southern District of New York, with regards to any proceedings to enforce the terms of the Order.

_____
Signature

_____
Printed Name

Dated: _____

#12717585v4\022665\0002